612 P.2d 506

The STATE of Arizona, Appellee,

v.

Damon Keith FISHER, Appellant.

No. 2 CA–CR 1928.

Court of Appeals of Arizona,
Division 2.

April 10, 1980.

Rehearing Denied May 14, 1980.

Review Denied June 17, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Robert Duber, II, Globe, for appellant.

## OPINION

HOWARD, Judge.

Fisher was convicted by a jury of first degree burglary and sentenced to 15 years in the Arizona State Prison.

He has presented three questions for review, none of which merits reversal. The record shows that Fisher was apprehended during a burglary. He was armed with a loaded and cocked revolver which had no firing pin. Fisher did not testify at trial. His confession which was admitted into evidence, states, inter alia:

"  .  .  .   So we broke into the store and were in the process of getting food and liquor to sell when a man pulled a gun on us. I had a gun but couldn't use it or wouldn't use it.  .  .  . "

The only issue in the case is whether the revolver was "permanently inoperable" because it did not have a firing pin. If it was, then the revolver was not a firearm and not a deadly weapon thus precluding a conviction of first-degree burglary.[1] A deputy sheriff testified that the revolver was only temporarily inoperable and could be made operable by the insertion of a firing pin. He also said a nail could be used as a firing pin. It is clear that the revolver was not permanently inoperable and the evidence supports the conviction.

The owner of the premises testified that after he apprehended Fisher and his companions, Fisher asked him not to tell the police about the revolver. Fisher also said that he had just been released from prison. Fisher moved for a mistrial because of the

---

1. Under A.R.S. Sec. 13–1508 a person is guilty of first-degree burglary if he is armed with a deadly weapon during the commission of the offense. For definition of the terms "firearm" and "deadly weapon" see A.R.S. Sec. 13–105(12) and (9) respectively. A revolver which is "permanently inoperable" is not a firearm under A.R.S. Sec. 13–105(12).

reference to prison. This motion was denied and Fisher claims error. Assuming arguendo that the evidence was inadmissible, we find no prejudicial error in view of the overwhelming evidence against Fisher.

Fisher argues that he was denied equal protection under the laws as guaranteed by the Fourteenth Amendment to the United States Constitution. He contends that if he had been charged with third-degree burglary under A.R.S. Sec. 13–1506 instead of first-degree burglary under A.R.S. Sec. 13–1508, the enhancement provisions of A.R.S. Sec. 13–604 relative to the use of deadly weapons would have entitled him to a lower presumptive sentence. This argument is without substance and shows no denial of equal protection.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.