613 P.2d 848

**The STATE of Arizona, Appellee,**

v.

**John Lee SPRATT, Appellant.**

**No. 2 CA–CR 1937.**

Court of Appeals of Arizona,
Division 2.

May 21, 1980.

Rehearing Denied June 25, 1980.

Review Denied July 15, 1980.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Anthony J. Abruzzo, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of two counts of armed robbery and two counts of aggravated robbery, was given concurrent prison sentences.[1]

Briefly, the robberies occurred at two convenience markets in Tucson. Walter Vann, a quadriplegic, started the investigation which led to the arrest of appellant when he telephoned the police and informed them of a conversation he overheard which indicated appellant and two juveniles had committed the robberies. Subsequently, police officers confiscated items used in the robberies from appellant's sister who had removed them from appellant's truck.

Appellant has presented 10 questions for review, none of which merits reversal.

Pursuant to A.R.S Sec. 13–4102, the state took the deposition of Vann, who was then living in Winslow, Aizona, on the ground that it believed he was so sick or infirm as to be unable to attend the trial. When his deposition was taken, he was cross-examined by the appellant's attorney. At the trial, an investigator for the county attorney's office laid the foundation for admission of the deposition. An attempt had been made to videotape the deposition but because of poor lighting, it was largely unsuccessful. although the court was able to observe that Mr. Vann was quadriplegic.

The investigator described Mr. Vann's physical appearance and based upon his observations was of the opinion that Mr. Vann could not take care of himself. Over a hearsay objection, the investigator was permitted to testify that Mr. Vann told him that he could not come to Tucson because

---

1. In Counts I and II, armed robbery and aggravated robbery, the victim was Patty Paden. In Counts III and IV, the victim was Patricia Brent.

he required 24 hours a day nursing care, that his mother was attending him at the time and she could not leave her job and come with him to Tucson. He stated that he wore a diaper-like device, could not control his bowel movements and required people to change him. He stated that he spent most of his time in a wheelchair and could not withstand prolonged riding in a vehicle or airplane in a sitting position. When the investigator asked him whether he would be able to travel if the state were to transport him by a vehicle with somebody in attendance, Mr. Vann replied that since the travel time to Tucson would be between six and seven hours, the discomfort would be too much for him. The investigator also stated that he inquired of public safety facilities as to transporting by airplane and no airplanes were available.

After hearing the foundation laid by the state and the objections of appellant, the trial court allowed portions of Mr. Vann's deposition into evidence. See Rule 19.3(c), Arizona Rules of Criminal Procedure.

■ Appellant first contends that the trial court violated his right to confrontation as provided in the Sixth Amendment to the United States Constitution by allowing a deposition into evidence. This contention is clearly without merit. See *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

■ His second argument is that the trial court erred in allowing hearsay evidence as to the unavailability of the witness. This is not correct. Rule 104(a) of the Rules of Evidence, states:

"Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence, shall be determined by the court . . . In making a determination, it is not bound by the rules of evidence except those with respect to privileges."

See also, *Howard v. Sigler*, 454 F.2d 115 (8th Cir. 1972) and *State v. Williams*, 554 S.W.2d 524 (Mo.App.1977).

Since the admissibility of the deposition was a preliminary question involving the admissibility of evidence, the rules concerning hearsay did not apply.

■ Appellant contends he was twice placed in jeopardy because the trial court declared a mistrial and ordered him to be tried a second time. The mistrial occurred when defense counsel, while cross-examining a state's witness, revealed that one of the juveniles involved in the robbery had been found not guilty by the juvenile court. He contends that if error was committed, it was not of such a great magnitude as to have caused the court to grant a mistrial. We do not agree. Defense counsel's question was improper and the trial judge exercised sound discretion in granting the mistrial. See *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

■ Appellant's next argument concerns the sufficiency of the evidence. Pursuant to A.R.S. Sec. 13–604(K), there was an allegation of dangerousness in the use of deadly weapons, a gun in one instance and a knife in another. A firearm is a deadly weapon unless it is permanently inoperable. See A.R.S. Sec. 13–105(9) and (12). The evidence showed that the revolver used in one of the robberies was missing a pin which held the barrel in line with the revolver's cylinder. Although the weapon could be fired, it would probably blow up in the process. Appellant contends that this evidence shows that the weapon was not deadly. We do not agree. At the most, it shows that it was temporarily inoperable, but not permanently so. *State v. Fisher*, 126 Ariz. 50, 612 P.2d 506 (1980).

■ He next contends that there was no evidence that at one of the robberies he exhibited a knife. This contention is without merit since A.R.S. Sec. 13–604(G) and (K) do not require, for the purpose of enhancement, that one personally be in possession of the deadly weapon. The only requirement is that the felony involved the use or exhibition of a deadly weapon. Since appellant was an accomplice he is criminally accountable for the conduct of the others involved. See A.R.S. Secs. 13–301 and 303.

Appellant also argues that the verdict was not justified by the evidence because the jury disregarded the testimony of his witnesses and believed the testimony of the state's witnesses, some of whom were persons with prior felony convictions. This argument is without merit.

■ Michael Bacon, a juvenile who was one of the participants in the robberies and who testified against appellant, testified that he had an athletic scholarship to attend Northern Arizona University. On cross-examination, he was asked how he was getting back to Flagstaff after the trial. He stated that he was going to fly back. He was then asked if he was entitled to the payment of transportation as part of his athletic scholarship. The state objected to the question as being irrelevant and the court sustained the objection stating: "I don't think that shows that he is biased or anything else." Appellant contends that the court, by sustaining the objection, unlawfully limited his right to cross-examine the witness and deprived him of an impartial trial. He also claims that the court's statement in ruling on the objection constituted a comment on the evidence. We do not agree. The right to cross-examine does not mean the right to ask irrelevant questions. The trial court did not state that Michael Bacon was an unbiased witness. It merely stated that the question was irrelevant. This did not constitute a comment on the evidence.

■ After one of the victims, Patricia Brent, had testified, she was excused and a recess was taken. Approximately 10 minutes later, the state moved to reopen its direct examination of Patricia Brent which the court granted. Appellant contends this is error. We do not agree. The order of conduct of the trial is up to the sound discretion of the trial court. We do not perceive that it abused its discretion.

■ Appellant asserts the trial court departed from its role of neutrality during the further examination of Patricia Brent. The prosecutor had told the trial court that he wished to ask the victim about two items.

He asked her about one item and did not ask her about the other. The trial court stated, "I thought there were two items?" The prosecutor then went on to ask about the other item. The trial court did not depart from its proper role by asking the question.

■ Appellant contends that the trial court erred in allowing hearsay evidence to impeach the testimony of Walter Vann in his deposition. We do not agree, since the testimony was offered for impeachment purposes and not to prove the truth of the words spoken.

■ The trial court refused, on surrebuttal, to allow a witness to testify that at a prior time appellant had told her he was innocent. Appellant contends that the statement was admissible since it was not hearsay by virtue of Rule 801(d), Arizona Rules of Evidence. This rule states:

"A statement is not hearsay if—

(1) *Prior statements by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive . . . ."

Since there was no express or implied charge against appellant of recent fabrication or improper influence or motive, the cited rule is inapplicable. Nor was the testimony admissible under Rule 803(24), as an exception to the hearsay rule. This rule allows the court to admit evidence which, inter alia, although hearsay has equivalent circumstantial guarantees of trustworthiness as the other exception set forth in Rule 803. Appellant's statements of innocence do not rise to such a level.

■ One of the jurors was observed by the court and appellant's counsel to be sleeping or nodding during the trial. Although there was an extra juror, appellant refused to enter into any stipulation concerning the sleeping juror and made no motion whatsoever concerning her. Subse-

quently, one of the members of the jury was drawn as the alternate juror. Both the sleeping juror and another juror whom appellant claimed had been laughing during the trial were allowed to participate. Appellant now claims that he did not receive a fair and impartial trial. We do not agree. Any error was waived by defense counsel refusing to take curative action while he still had an opportunity to do so. He was aware of the matter before submission but refused to stipulate to exclude the sleeping juror by naming her as an alternate. Appellant did nothing to either juror and cannot now claim error.

The allegation of the dangerous nature of the offense which was set forth in the indictment stated that Counts III and IV of the indictment involved the use of a gun. The evidence at trial showed that a knife and a gun were both used in the offenses set forth in Counts III and IV. The state moved to amend the indictment to allege that a knife and gun were used in the commission of each count stated in Counts III and IV and the motion was granted. Appellant contends that this was error. We do not agree. The charging part of the indictment stated:

> "On or about the 21st day of December, 1978, JOHN LEE SPRATT robbed PATRICIA J. BRENT while armed with a deadly weapon to wit: a gun and a knife . . . ."

■ The robbery set forth in Count IV is clearly the same one set forth in Count III. The allegation of dangerousness attached to the indictment put appellant on notice that the state considered Counts III and IV to be of a dangerous nature, but the knife was apparently inadvertently omitted from the allegation. Appellant contends that he did not have adequate notice that the state was contending that a knife was also used in the commission of the robbery set forth in Counts III and IV in relation to the allegation of the dangerous nature of the offense. We do not agree. The indictment returned by the grand jury put appellant on notice that the state was contending that a gun and knife were both used. Fur-

thermore, appellant has not pointed to any prejudice resulting from the amendment.

■ The court received a message from the foreman of the jury requesting a copy of the transcript of the trial and depositions. Although defense counsel was willing to provide the jurors with a copy of the depositions that were admitted into evidence, the court refused to do so telling the jurors that they would have to rely on their memory of the testimony. Appellant contends the trial court erred in not providing the jury with the depositions which had been admitted into evidence. When the trial court told him that it proposed to send a note telling the jurors to rely on their memory, defense counsel made no objection. Assuming arguendo, that the trial court should have provided the jurors with the requested depositions, any error was waived by defense counsel's failure to object.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.