663 P.2d 250

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Richard N. ROYLSTON, Judge of the Superior Court, In and For the County of Pima, and Willie Lee Watson, Real Party in Interest, Respondents.**

No. 2 CA–CIV 4691.

Court of Appeals of Arizona, Division 2.

Jan. 21, 1983.

Rehearing Denied March 3, 1983.

Review Denied March 29, 1983.

Stephen D. Neely, Pima County Atty. by Stephen L. Bosse, Deputy County Atty., Tucson, for petitioner.

J. Thomas Poore, Tucson, for real party in interest.

OPINION

HATHAWAY, Judge.

Real party in interest was indicted for violating A.R.S. § 13–1204(A)(2) and (B) (aggravated assault) and § 13–1805 (shoplifting). An allegation of dangerous nature was filed. Following a motion filed by the real party in interest, the respondent court granted the motion to dismiss the allegation of dangerous nature as to the real party in interest. The state has brought this special action to challenge that ruling. Because we believe the respondent court acted in excess of its jurisdiction or legal authority, and because petitioner has no adequate remedy by means of an appeal, we assume jurisdiction and grant relief.

In his motion to dismiss the allegation of dangerous nature, real party in interest claimed that he was, at best, a mere bystander accomplice, to the aggravated assault charge and that to charge him with a dangerous nature offense would be cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He claimed to be making the motion pursuant to Rule 16.5(b), Arizona Rules of Criminal Procedure, 17 A.R.S.

The applicable facts are that on September 24, 1982, a codefendant entered a convenience market in Tucson and left with two beer packs. He was pursued by a store clerk who ran after him and in the process knocked into the real party in interest. A fight ensued between the clerk and the codefendant in which a knife was produced and used to threaten the clerk. The clerk testified that he believed he saw the real party in interest give the knife to the codefendant. The real party in interest denies

ever having the knife or giving the knife to the codefendant whom he claims he barely knew. Both men were indicted on September 30 and both were charged with dangerous nature offenses. In the real party in interest's motion, he said that since it was arguable whether he had a knife at all, and since it was not even arguable that he did not use or threaten to use the knife against the clerk, it was improper to charge him with the dangerous nature offense.

The real party in interest cites *Enmund v. Florida,* —— U.S. ——, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). In *Enmund,* a Florida case, the supreme court held that it violated the Eighth Amendment as guaranteed to the states by the Fourteenth Amendment to permit the death penalty to be given to an accomplice who was shown to be a mere lookout and getaway driver. The opinion stressed that the necessary focus must be on a defendant's culpability and not on the culpability of those who may have committed the crime. "Individual consideration" is the constitutional requirement for imposing the death sentence, the court stated, citing *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).

*Enmund* does not apply. This is not a death penalty case. A defendant need not be in possession of a deadly weapon to receive the enhanced punishment under § 13–604(G). *State v. Spratt,* 126 Ariz. 184, 613 P.2d 848 (App.1980). In *Spratt,* the court upheld the conviction and the enhanced sentencing of an accomplice to an armed robbery. The same reasoning applies to the allegation of dangerous nature under § 13–604(K). The Arizona statutory scheme has been held constitutional and nonviolative of the prohibition against cruel and unusual punishment in *State v. Little,* 121 Ariz. 377, 590 P.2d 916 (1979).

The order dismissing the allegation of dangerous nature is vacated and the case is remanded to the trial court for further proceedings. The stay order previously entered is vacated.

HOWARD, C.J., and BIRDSALL, J., concur.