NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSHUA EUGENE PATTON, *Petitioner*.

No. 1 CA-CR 15-0815 PRPC
FILED 11-28-2017

Petition for Review from the Superior Court in Coconino County
No. S0300CR201100941
The Honorable Mark R. Moran, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Jonathan Apirion
*Counsel for Respondent*

Erika A. Arlington Esq. PC, Flagstaff
By Erika A. Arlington
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Paul J. McMurdie joined.

**C A T T A N I**, Judge:

**¶1**         Joshua Eugene Patton petitions for review from the superior court's summary dismissal of his petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

**¶2**         Patton was charged with burglary, armed robbery, theft, two counts of aggravated assault, endangerment, and misconduct involving weapons (prohibited possessor). A jury convicted Patton of misconduct involving weapons, and he was acquitted of the remaining charges. The superior court sentenced him as a repetitive offender to a presumptive term of 10 years' imprisonment. This court affirmed the conviction and sentence on appeal. *State v. Patton*, 1 CA-CR 13-0056, 2014 WL 1493345 (Ariz. App. Apr. 15, 2014) (mem. decision).

**¶3**         Patton timely filed a petition for post-conviction relief raising a claim of ineffective assistance of counsel. Patton argued that his trial counsel was ineffective in agreeing with the trial court's ruling that severance of the misconduct involving weapons count would be contingent on Patton's decision to testify. The superior court summarily dismissed the post-conviction proceedings, ruling that Patton failed to state a colorable claim of ineffective assistance of counsel and noting that any direct challenge to the severance ruling was waived and precluded because Patton did not raise it on direct appeal. This petition for review followed.

**¶4**         Summary dismissal of a petition for post-conviction relief is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). In short, the court may summarily dismiss a petition that fails to state a colorable claim for relief. *State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016). A colorable claim is one that, if the allegations are true, would probably have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 219–20, ¶ 10 (2016). A colorable claim of ineffective assistance of counsel requires showing, in light of the entire record, both

that counsel's performance fell below objectively reasonable standards and that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983). We review dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

**¶5** Here, Patton failed to show either prong necessary to support a claim of ineffective assistance of counsel. Trial counsel's motion to sever the misconduct involving weapons count properly argued that Patton would be prejudiced with respect to the other charges against him if the State presented evidence of his prior convictions to prove he was a prohibited possessor. *See State v. Burns*, 237 Ariz. 1, 14–15, ¶¶ 34–37, 39 (2015). The trial court ruled—and trial counsel agreed—that the State would not be able to proceed on the misconduct involving weapons count (effectively granting the motion to sever) unless Patton testified, which would render his prior convictions relevant and admissible for impeachment purposes. *Cf. id.* at 14, ¶ 35. Because Patton later elected to testify at trial, his prior convictions were introduced to impeach him, and the State was then permitted to proceed on the misconduct involving weapons charge.

**¶6** The superior court did not err by concluding trial counsel's agreement with the trial judge's proposed course of action did not reflect deficient performance. The trial court has wide discretion regarding joinder and severance of charges as well as the order of trial. *State v. Perez*, 141 Ariz. 459, 462 (1984); *State v. Spratt*, 126 Ariz. 184, 187 (App. 1980). The court's severance ruling recognized and addressed the potential prejudice to Patton should his otherwise-inadmissible prior convictions be introduced during trial on the other offenses. *See Burns*, 237 Ariz. at 15, ¶ 39. And conditioning re-joinder of the misconduct involving weapons count on whether Patton's prior convictions became admissible for other purposes—thus eliminating any additional prejudice from using the prior convictions to show prohibited possessor status—was within the court's considerable discretion. *See Hedlund v. Sheldon*, 173 Ariz. 143, 146 (1992) ("[T]rial judges have inherent power and discretion to adopt special, individualized procedures designed to promote the ends of justice in each case that comes before them.") (citation omitted). Because the court's ruling fully resolved Patton's claim of prejudice, trial counsel's acceptance of the court's ruling did not constitute deficient performance. *See State v. Pandeli*, 242 Ariz. 175, 185, ¶ 33 (2017).

**¶7** Furthermore, Patton has not demonstrated prejudice resulting from counsel's actions in this regard. The prejudice inherent in

the presentation of evidence of prior convictions in a non-severed trial primarily relates to the non-severed counts for which that evidence would not otherwise be admissible. *See Burns*, 237 Ariz. at 15, ¶ 37 (concluding that severance was necessary when a prior conviction "was prejudicial *and irrelevant to the other charges*") (emphasis added). And here, Patton was acquitted of the other charges, so he cannot show prejudice as to those charges. Moreover, because Patton testified at trial, his prior convictions became relevant and admissible—even as to the other counts—as impeachment evidence, *see* Ariz. R. Evid. 609(a)(1), thereby removing any grounds for severing the misconduct involving weapons count. *See* Ariz. R. Crim. P. 13.4(a). Further use of the already-admitted prior convictions to prove prohibited possessor status thus did not inject otherwise precluded prejudicial material. Although Patton posits that, if outright severance had been granted, the State might have offered a more favorable plea deal for the misconduct involving weapons charge following his acquittal of the other charges, such proposed prejudice is speculative at best. *See State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999) (noting that a colorable claim of ineffective assistance of counsel must be based on something more than "mere speculation").

¶8 Accordingly, we grant review but deny relief.

