**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Raymond DE HERRERA, Defendant-Appellant.**

**No. 80CA0619.**

Colorado Court of Appeals, Div. I.

Dec. 17, 1981.

Rehearing Denied Jan. 14, 1982.

Certiorari Granted June 21, 1982.

242

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Laura E. Udis, Asst. Attys. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Suzanne Saunders, Elizabeth Joyce, Deputy State Public Defenders, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals his conviction of aggravated robbery. We reverse.

Defendant was apprehended a short distance from a convenience food store shortly after the attendant claimed he had been robbed. At the time of his apprehension, defendant elected to remain silent. A search of defendant's person revealed a current driver's license and an expired driver's license under two different names as well as a pay stub payable to Raymond De Herrera. His companion advised police of the correct name of defendant.

In the caption of the robbery case, the prosecution named defendant with three aliases. Defendant's counsel, in an *in limine* hearing, requested that the aliases be deleted from the caption, which the court refused to do. Subsequently, the driver's licenses were admitted into evidence, and the court instructed the jury as follows:

"The fact that a person used an assumed name immediately after a crime has been committed with which he is charged, is a circumstance in establishing his guilt, not sufficient in itself to establish guilt, but a circumstance which the jury may consider. The weight to which that circumstance is entitled, is a matter for the jury to determine in connection with all the facts in this case."

Defendant contends the failure to strike his aliases from the caption and the instruction to the jury on the use of aliases was error. We agree and reverse.

Here, there is no evidence in the record that defendant supplied the police officers with a ficticious name in order to evade arrest. Since aliases tend to indicate to the public mind that the defendant is a member of the criminal classes and is therefore inherently suspect, the use of aliases by the People at trial is strongly disapproved. *See United States v. Wilkerson*, 456 F.2d 57 (6th Cir. 1972); *State v. Smith*, 55 Wash.2d 482, 348 P.2d 417 (1960). Therefore, before the People may introduce the defendant's use of aliases at trial, it must offer evidence which shows the relevance of the alias to the crime charged. *See Young v. State*, 566 S.W.2d 895 (Tenn.Crim.App.1978).

The driver's licenses and other identification found immediately after defendant's apprehension have nothing to do with either the crime charged or with defendant's arrest, and, therefore, they should not have been considered by the jury in determining the guilt or innocence of the defendant. *See State v. Randall*, 8 Ariz.App. 72, 443 P.2d 434 (1968).

Thus, the trial court erred in giving the above quoted instruction as it prejudiced the defendant's right to be tried only for the crime for which he was charged.

We have considered defendant's other contentions of error and find them to be without merit.

The judgment is reversed and the cause remanded with directions to the trial court to strike the aliases in the caption of the case and for a new trial.

PIERCE and SMITH, JJ., concur.