653 P.2d 1222
**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Frank LUNA and Alvino S. Chacon,**
**Defendants-Appellees.**

**No. 5771.**

Court of Appeals of New Mexico.

Sept. 30, 1982.

As Amended Oct. 7, 1982.

Certiorari Quashed Nov. 18, 1982.

Jeff Bingaman, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Mary Lou Carson, Tierra Amarilla, for defendants-appellees.

OPINION

DONNELLY, Judge.

Does a person arm himself with a deadly weapon for purposes of prosecution for aggravated burglary contrary to § 30–16–4(B), N.M.S.A.1978, when he steals unloaded guns? We hold that he does.

The State appeals an order of the trial court which dismissed an aggravated burglary count against the defendants Frank Luna and Alvino S. Chacon. Defendants were each charged with aggravated burglary, § 30–16–4(B), *supra,* and with larceny of firearms having a value in excess of $2,500.00 contrary to § 30–16–1, N.M.S.A. 1978 (1982 Cum.Supp.). Defendants were alleged to have taken a number of rifles and pistols from a store during the commission of a burglary.

The offense of aggravated burglary as set forth in § 30–16–4, *supra,* is defined as follows:

Aggravated burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with intent to commit any felony or theft therein and the person either:

A. is armed with a deadly weapon;

B. *after entering, arms himself with a deadly weapon;*

C. commits a battery upon any person while in such place. [Emphasis supplied.]

Section 30–1–12(B), N.M.S.A.1978 defines a "deadly weapon" to mean "any firearm, whether loaded or unloaded." Hence, the term "armed with a deadly weapon" as employed in the Aggravated Burglary Statute, § 30–16–4(B), *supra,* is not restricted to whether the firearm is loaded or immediately available for use.

Prior to trial, defendants moved to dismiss the charge of aggravated burglary on

the grounds that as a matter of law they could not be deemed to have armed themselves with deadly weapons in the commission of the alleged burglary when all of the firearms were unloaded. In connection with the motion filed by defendants, both the prosecution and defense entered into the following stipulation:

IT IS HEREBY STIPULATED as a matter of fact that the rifles and pistols allegedly taken by the defendants from Colby's, Inc., Silver City, New Mexico, on or about the 12th day of February, 1982, were not loaded with bullets from the time they were initially taken from the store until the time they were recovered by the police approximately 30–60 minutes after the commission of the alleged offenses.

The motion to dismiss filed by defendants also asserted that there was no showing of any intent by defendants to use the weapons and that the weapons were the "loot" taken from the store.

Following a hearing on the motion, the trial court dismissed the charge of aggravated burglary against each defendant finding that the language "after entering, arms himself with a deadly weapon * * *" in § 30–16–4(B), *supra,* "requires the State to prove that a defendant took a loaded firearm into his possession ... while on the burglarized premises."

Defendants' contention that since the guns allegedly taken by them were unloaded they could not have been "armed" after entering the store fails to give recognition to the legislative intent embodied in § 30–16–4(B), *supra,* aimed at deterring both the commission of this type of criminal offense, i.e. stealing guns, and the possession or use of firearms during the perpetration of a burglary.

■ The adoption of several statutes, one classifying aggravated burglary as a second degree felony, and the other specifying that simple burglary is a fourth degree felony, evinces a clear legislative intention to deter the commission of burglaries and the possession of firearms during such crimes. The legislature has provided that a defendant who commits a crime when armed with a deadly weapon or who arms himself with a firearm during the perpetration of the crime should receive a greater sentence. The obvious deterrence objectives of the aggravated burglary statute are embodied in the legislative determination to make the enhanced penalty applicable whether the firearm is loaded or unloaded.

In *People v. Nelums,* 31 Cal.3d 355, 182 Cal.Rptr. 515, 644 P.2d 201 (1982), the court considered the similar issue of whether for purposes of sentencing enhancement a person could be considered "armed with a firearm" when the weapon was inoperable. The court noted the deterrence objectives of the California statute and quoted from *People v. Jackson,* 92 Cal.App.3d 899, 155 Cal. Rptr. 305 (1979), observing that when a defendant has in his possession a firearm "[t]he victim is placed in fear and cannot be expected to inquire into the condition of the gun. The danger remains that the reaction by the victim or some third person to the appearance of the gun will cause harm to befall someone * * *." Although we recognize the difference in the language and nature of the California law to our statute, the rationale upon which that decision was grounded we find equally applicable to the instant case. *See also State v. Fisher,* 126 Ariz. 50, 612 P.2d 506 (App.1980); Annot., 79 A.L.R.2d 1412 (1961); *compare People v. Ford,* 388 P.2d 892, 60 Cal.2d 772, 36 Cal. Rptr. 620 (1964).

Similarly in *Meadows v. Commonwealth,* 551 S.W.2d 253 (Ky.Ct.App.1977), the court considered an issue closely analogous to that here presented. In *Meadows,* the defendant was convicted of first degree burglary of a dwelling, having armed himself during the commission of the offense with a deadly weapon (shotgun). On appeal the defendant contended that the conviction, if any, should have been reduced to that of third degree burglary because the shotgun

taken by him in the commission of the offense was not in fact loaded. The court held that:

> The appellant makes an * * * argument seeking to differentiate between being "in possession" of a deadly weapon and being "armed" with a deadly weapon, giving us the definition of possession as meaning "to have actual physical possession or otherwise to exercise actual dominion or control," and armed as being defined as "furnished or equipped with weapons of offense or defense." It is the opinion of this Court that under the applicable law of this Commonwealth and under the circumstances where it is used statutorily, there is virtually no difference between being in possession of a deadly weapon and being armed with a deadly weapon.

In *Meadows,* the court also noted the hazardous situation which the possession of a firearm creates during the perpetration of this type of offense whether it is loaded or not. The court further stated: "Certainly the possession of a deadly weapon inside a dwelling or any other building during the course of a burglary or while fleeing therefrom is 'indicative of * * * potential dangerousness.'"

Crimes involving violence or use of firearms are among those most abhorrent to our society. The rising number of offenses wherein firearms have been used or victims assaulted with deadly weapons was obviously an important factor bringing about the passage of the aggravated burglary statute. Clearly, by enhancing the penalty for burglary while armed with a deadly weapon, the legislature intended to deter potential criminals from the use or possession of firearms and which escalate the possibility of violence.

We hold that § 30–16–4(B), *supra,* is violated by a person who in the commission of a burglary becomes armed with an unloaded firearm. *See State v. Montano,* 69 N.M. 332, 367 P.2d 95 (1961); *Territory v. Gonzales,* 14 N.M. 31, 89 P. 250 (1907). Whether a defendant is in actual possession of a firearm within the contemplation of § 30–16–4(B), *supra,* or possesses the requisite intent to commit a felony may, however, present a factual issue to be determined by the trier of fact. U.J.I.Crim. 16.22, N.M.S.A.1978 (1982 Repl. Pamph.); *see also State v. Castro,* 92 N.M. 585, 592 P.2d 185 (Ct. App.), *cert. denied,* 92 N.M. 621, 593 P.2d 62 (1979).

The order of the trial court dismissing the charge of aggravated burglary against defendants is reversed and the cause is remanded with instructions to reinstate Count I of the criminal information.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.