The PEOPLE of the State of
Colorado, Petitioner,

v.

Raymond DeHERRERA, Respondent.

No. 82SC89.

Supreme Court of Colorado,
En Banc.

April 30, 1984.

Duane Woodard, Atty. Gen., Charles B.
Howe, Deputy Atty. Gen., Richard H. For-
man, Sol. Gen., Laura E. Udis, Asst. Atty.
Gen., Denver, for petitioner.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for respondent.

DUBOFSKY, Justice.

We granted certiorari to review the judgment of the Court of Appeals in *People v. DeHerrera,* 647 P.2d 241 (Colo.App.1981), which held that the district court erred by admitting evidence of the defendant's aliases, by failing to strike the aliases from the case caption, and by instructing the jury that it might consider the use of aliases as a circumstance establishing guilt. We affirm the judgment of the Court of Appeals.

## I.

A police officer stopped the defendant, Raymond DeHerrera, in a pickup truck matching the description of a truck that had been driven from the scene of an armed robbery of a convenience store minutes earlier. After the defendant was arrested he exercised his right to remain silent and did not give his name. The officer took the defendant to the police station where the police inventoried the defendant's personal effects, including two driver's licenses. Both licenses had photographs of the defendant, but one used the name "Ben Andrew Herrera," and the other used the name "Nomar Arrerehed, Jr." [1] The police also found a check stub with the name "Ray DeHerrera."

The information and case caption identified the defendant as Ray DeHerrera a/k/a Raymond DeHerrera a/k/a Ben Andrew Herrera a/k/a Nomar Arrerehed, Jr. The defendant filed a motion *in limine* to strike the aliases listed in the caption and for an order preventing any in-court reference to the aliases. The district court denied the motion, concluding that the defendant intended to mislead and to disguise

his identity by the use of the driver's licenses.

During the trial, the court admitted the two driver's licenses as evidence over the defendant's objection. The defendant also objected to the following jury instruction:

> The fact that a person used an assumed name immediately after a crime has been committed with which he is charged, is a circumstance in establishing his guilt, not sufficient in itself to establish guilt, but a circumstance which the jury may consider. The weight to which that circumstance is entitled, is a matter for the jury to determine in connection with all the facts in this case.

The jury returned a verdict finding the defendant guilty of aggravated robbery.[2] The Court of Appeals reversed the conviction, holding that the district court improperly permitted the use of the defendant's aliases.

The issue before us is whether the district court erred by admitting the driver's licenses as evidence, by denying the motion to strike the aliases from the case caption, and by instructing the jury that it might consider the use of aliases as a circumstance establishing guilt. We conclude that the district court did err, and affirm the judgment of the Court of Appeals remanding the case for a new trial.

## II.

█ It has long been the rule in Colorado that the prosecution's use of aliases without proper basis may be prejudicial error. *See Mitchell v. People,* 173 Colo. 217, 476 P.2d 1000 (1970); *Routa v. People,* 117 Colo. 564, 192 P.2d 436 (1948).[3] Courts should allow the use of aliases only when proof of an alias is relevant to an issue before the court. C.R.E. 402; *United States v. Cowden,* 545 F.2d 257 (1st Cir. 1976), *cert. denied,* 430 U.S. 909, 97 S.Ct.

---

1. The defendant testified at the suppression hearing that he had obtained the driver's licenses because his license was suspended and he needed a license to drive to work.

2. Section 18–4–302(1)(b), C.R.S.

3. In *Mitchell* this court concluded that the isolated use of a single alias was not prejudicial error, and in *Routa* this court allowed the use of aliases because they were important in establishing that the defendant had prior convictions under various names.

1181, 51 L.Ed.2d 585 (1977); *United States v. Wilkerson*, 456 F.2d 57 (6th Cir.1972); *State v. Peary*, 176 Conn. 170, 405 A.2d 626 (1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2417, 60 L.Ed.2d 1072 (1979).

We do not believe the defendant's possession of driver's licenses bearing names other than his own is probative of guilt of aggravated robbery. Even if one were to establish some possible relevance, any probative value is substantially outweighed by the danger of unfair prejudice under the facts of this case. *See* C.R.E. 403. Aliases tend to indicate to the public mind that the defendant is a member of a "criminal" class, and inherently suspect. *United States v. Wilkerson*, 456 F.2d at 59; *Routa v. People*, 192 P.2d at 437–38; *State v. Smith*, 55 Wash.2d 482, 348 P.2d 417 (1960). The use of an alias may be relevant if a defendant uses the alias to avoid detection, *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir.1977), *cert. denied*, 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978), or if it is relevant to an issue of identification. *United States v. Wilkerson*, 456 F.2d at 59; *Routa v. People*, 192 P.2d at 438. In this case, however, there is no connection between the names on the licenses and any consciousness by the defendant of guilt. The defendant did not offer the licenses as proof of his identity; a police officer discovered them in a routine inventory of the defendant's personal effects.

We note that the district court concluded that the defendant intended to disguise his identity by the use of the driver's licenses, but we are not bound by this finding because it is clearly erroneous and not supported by the record. *See Isaac v. American Heritage Bank and Trust Co.*, 675 P.2d 742 (Colo.1984); *Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979). The defendant did not give his name or identification to the police. Holding that the defendant affirmatively disguised his identity by not speaking impermissibly burdens his constitutional right to remain silent. *Cf. People v. Quintana*, 665 P.2d 605, 609 (Colo.1983) (an arrestee receiving the Miranda warnings may not have his exercise of silence burdened by the admission of his silence against him for impeachment purposes); *People v. Wright*, 182 Colo. 87, 511 P.2d 460 (1973) (prosecution may not use at trial the fact that accused stood mute or claimed his privilege in the face of accusation). We conclude, therefore, that the district court erred in permitting the prosecution to use the defendant's aliases.

The People argue that if the use of aliases was error, it was harmless. We disagree, and conclude that the error was not harmless beyond a reasonable doubt. *See People v. Mack*, 638 P.2d 257 (Colo. 1981). The instruction directing the jury to consider the use of aliases as a circumstance establishing guilt made the prejudice resulting from the admission of the aliases substantial. The admission of irrelevant and prejudicial evidence is not harmless when it is coupled with an instruction to the jury to consider that evidence as a circumstance establishing guilt.

Although the defendant here properly objected to the introduction of aliases, the People assert that the Court of Appeals' opinion relieves the defendant of his duty to object to the admission of irrelevant evidence when evidence of aliases is admitted. We do not interpret the opinion as the People suggest. General principles found in the Colorado Rules of Evidence control the admission of evidence on the use of aliases. The trial court makes the initial ruling on questions concerning admissibility and may require the proponent of evidence to make a showing of relevance. C.R.E. 104(a); C.R.E. 104(b). In addition, error in admitting evidence is generally not reviewed unless it affects a substantial right and an objection is made. C.R.E. 103(a).

Judgment affirmed.