**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Arthur MOORE, Defendant–Appellant.**

**No. 90CA0072.**

Colorado Court of Appeals, Div. I.

Feb. 27, 1992.

Rehearing Denied April 2, 1992.

Certiorari Denied Dec. 1, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Jenine Jensen, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge VAN CISE *.

Defendant, Arthur J. Moore, appeals judgments of conviction and the sentences entered upon jury verdicts finding him guilty of first degree burglary, second degree burglary, theft, and three counts of habitual criminal. We affirm the convictions of second degree burglary and theft and the adjudication of defendant as an habitual criminal and the sentences related thereto. We reverse the first degree burglary conviction.

## I. Competency

Defendant contends that the trial court erred in two respects by finding him competent to proceed to trial.

First, defendant argues that the trial court applied an improper burden of proof in deciding this issue. This argument, however, is refuted by language in the trial court's order.

We also reject his contention that the trial court's findings do not support and are inconsistent with its ruling of competency. Contrary to defendant's assertion, and in light of the plausible conclusions offered by each expert, we conclude that the trial court's ruling is not inconsistent with its findings and that the court did not err in concluding that defendant is incompetency was not demonstrated.

## II. Mistrial

■ Defendant next contends that a mistrial was required after a prosecution witness referred to a photograph of defendant as a "mug shot." We disagree.

Under the circumstances here, and given the context of this testimony, we are unable to rule that this single remark, unaccompanied by details and absent the admission of the photographic exhibit, establishes the existence of defendant's prior criminality. The trial court acted within its discretion in denying defendant's motion for mistrial. *People v. Abbott,* 690 P.2d 1263 (Colo.1984). Nor has defendant demonstrated prejudice from the absence of a limiting instruction, and thus, we find no reversible error here. *See People v. Lagunas,* 710 P.2d 1145 (Colo.App.1985).

## III. Prosecutorial Misconduct

Defendant next alleges error resulting from two remarks made by the prosecutor during rebuttal closing argument.

While the remarks could have been more carefully and succinctly phrased, we perceive no reversible error. *See People v. Moody,* 676 P.2d 691 (Colo.1984).

## IV. Sufficiency of the evidence
### A. First Degree Burglary

■ Defendant contends that, since there was no evidence showing that the burglar was "armed," it is insufficient to support a conviction for first degree burglary. We agree.

The only evidence concerning the presence of deadly weapons at the time of the robbery was that defendant was carrying stolen items, including weapons, in a canvas sack during commission of the burglary. Contrary to the prosecution's argument, such evidence was insufficient to prove that defendant was "armed" with a deadly weapon," a requisite element of burglary.

The term "armed" is not defined in the statutes or case law. However, since burglary is, by nature, a crime against possession and ownership, 14 Nedrud, *The Criminal Law* (1979), when theft is the objective of the illegal entry, its degrees logically do

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

not change as a result of the nature of items stolen. In other words, a perpetrator is guilty of second degree burglary when, unarmed, he breaks into a building and removes items even though those items may, in other circumstances, be used as deadly weapons.

The statutory language itself lends further light to its apparent meaning. Specifically, if the other elements are met, one is guilty of first degree burglary if "he or another participant in the crime assaults or menaces a person, or ... is armed with explosives or a deadly weapon." Section 18–4–202(1), C.R.S. (1986 Repl.Vol. 8B). Thus, second degree burglary becomes first degree burglary when the perpetrator increases the risk of deadly or bodily harm to an occupant or other person present by possessing a deadly weapon such that he knowingly places or attempts to place such person in fear of serious bodily injury, § 18–3–206, C.R.S. (1986 Repl.Vol. 8B), or intends to and does cause serious bodily injury to any person. Sections 18–3–202(1)(a), C.R.S. (1986 Repl.Vol. 8B) and 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B).

The evidence here showed that defendant removed weapons from the home, but there is no evidence indicating that he removed the stolen weapons from the canvas sack or otherwise armed himself while in the home or in immediate flight therefrom. Thus, we hold that the removal of weapons, among other things, from unoccupied premises under these circumstances is insufficient to sustain a conviction for first degree burglary.

### B. Second Degree Burglary and Theft

■ Defendant next contests the sufficiency of the fingerprint evidence to support his convictions for second degree burglary and theft. We perceive no deficiency in such evidence.

Here, the fingerprint evidence consisted of a partial print taken from an item kept in a jewelry box in an upstairs bedroom inside the house and in an area not accessible to the general public. The victims did not know defendant and had not authorized his presence in their home. Under such circumstances, the fingerprint evidence does sustain the convictions at issue. *See Silva v. People*, 170 Colo. 152, 459 P.2d 285 (1969) (prints found inside building on coin box not accessible to public).

■ Defendant also argues that the controversial circumstances surrounding the identification of the print as defendant's renders the evidence insufficient to sustain his convictions. However, the credibility of witnesses, including experts, is within the province of the jury as the fact finder. *People v. King*, 181 Colo. 439, 510 P.2d 333 (1973). Hence, the jury's obvious acceptance of the testimony by the prosecution's experts is not subject to reversal. *See Hervey v. People*, 178 Colo. 38, 495 P.2d 204 (1972).

### V. Merger

Because of the resolution of the issue in Part IV of this opinion, we do not address the issue of merger.

### VI. Habitual Criminal Phase
#### A. Prior Convictions

Defendant alleges error in the trial court's refusal to suppress three prior Ohio convictions. We perceive no error.

Defendant challenges the constitutional validity of three guilty pleas entered in Ohio. On November 3, 1980, in case number 58585, defendant pleaded guilty to attempted aggravated robbery. On August 7, 1978, in case number 36698, defendant entered a guilty plea to attempted aggravated burglary. And, on April 24, 1978, in case number 39998, defendant pleaded guilty to burglary.

Citing Ohio Rev.Code Ann. § 2937.09 (1986), which requires a trial court to advise an accused of the possible use of his guilty plea in future proceedings, defendant contends that each of these prior pleas is invalid since the record fails to show such an advisement. This statute does not, however, prescribe the requisite Crim.P. 11 advisement. Rather, it is equivalent to § 16–7–207(2), C.R.S. (1986 Repl.Vol. 8A), which prescribes trial court procedures upon arraignment.

A trial court is not generally required to inform a defendant of the collateral consequences of his guilty plea. *People v. Pozo,* 746 P.2d 523 (Colo.1987); *see People v. Garcia,* 799 P.2d 413 (Colo.App. 1990). To satisfy due process, a defendant must be informed only of the direct consequences of his guilty plea, which include those which have a definite, immediate, and largely automatic effect on the range of possible punishment. *People v. Pozo, supra; see People v. Chippewa,* 713 P.2d 1311 (Colo.App.1985), *aff'd,* 751 P.2d 607 (Colo.1988). Accordingly, a guilty plea is not invalid for failure of a trial court to warn a defendant of its possible effect on future criminal liability. *People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979).

Here, each guilty plea entered shows compliance with Ohio Crim.P. 11. Specifically, the records of each plea show that defendant understood the nature of each charge and its maximum penalty. The records also show that he understood and waived his rights to a trial by jury, including the right to confront witnesses, the right of compulsory process, the applicable burden of proof on the prosecution, his right to counsel, and the rights guaranteed him under the Fifth Amendment. *See People v. Drake,* 785 P.2d 1257 (Colo.1990); *People v. Chippewa, supra.*

As to the pleas entered in case Nos. 58585 and 386698, defendant argues that the absence of a factual basis renders them invalid. However, a factual basis is not required under Ohio Crim.P. 11. Further, due process requires compliance only with the mandatory provisions of Crim.P. 11, which inform an accused of the constitutional protection and the critical elements of the charge he faces. *See People v. Chippewa, supra.* Due process does not require a factual basis be given. *Lacy v. People,* 775 P.2d 1 (Colo.), *cert. denied, Colorado v. Lacy,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed. 337 (1989).

Finally, as to case No. 58585, defendant argues that, since he was not informed of the statutory affirmative defense as required under Crim.P. 11, his plea is invalid. However, due process does not require an accused be informed of the possible defenses to the charge.

Here, the record in each of the pleas entered affirmatively demonstrates that defendant understood the constitutional rights he was waiving and the critical elements of each crime to which he pled guilty. Hence, he failed to make a *prima facie* showing that such pleas were invalid. *See People v. Drake, supra; Lacy v. People, supra.*

### B. Habitual Criminal Trial

Defendant contends that the evidence admitted in violation of CRE 404(b) deprived him of his due process right to a fair trial and, therefore, requires a reversal of his conviction as an habitual criminal. We disagree.

### 1.

Here, defendant claims error from the admission of certain exhibits which, he alleges, contain charges or arrests for which he was not convicted. Each of these exhibits denotes one of the charges originally filed against defendant prior to his entry into a plea agreement on the convictions which formed the basis for his adjudication as an habitual criminal. The evidence also included records from the Ohio proceedings showing the charges for which defendant was convicted. Finally, the jury was properly instructed as to its duties in determining defendant's guilt as to the three stated prior convictions only.

Accordingly, there was ample evidence establishing the prior convictions which formed the bases for his adjudication as an habitual criminal. Defendant has not, therefore, demonstrated prejudice, *see People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979), nor does the record show that a different result would have been reached absent admission of the disputed exhibits. Thus, any error in admitting this evidence is harmless beyond a reasonable doubt. *See People v. Johnson,* 802 P.2d 1105 (Colo.App.1990).

### 2.

Defendant also challenges, as prejudicial and irrelevant, the admission of a

mug shot photograph taken in 1983, which is subsequent to each of the three convictions the prosecution was required to prove.

The trial court admitted the photograph with the date excised. The remaining information revealed the sheriff's department number which defendant had been given in his prior cases and was admitted for identification purposes. Under these circumstances, we cannot say the trial court abused its discretion in admitting the photograph. *See People v. Abbott, supra.*

### 3.

Finally, defendant contends that the use of aliases in one exhibit was so prejudicial as to deny him a fair trial. We perceive no error in this case. *See People v. DeHerrera,* 680 P.2d 848 (Colo.1984) (fn. 3).

The judgment of conviction of first degree burglary and the sentence entered thereon are reversed. The judgment of conviction of second degree burglary, theft, and the three counts of habitual criminal, and the sentences entered thereon, are affirmed.

TURSI and REED, JJ., concur.