The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Timothy C. LOOMIS, Defendant–Appellant.

No. 91CA0912.

Colorado Court of Appeals, Div. A.

Dec. 31, 1992.

Rehearing Denied Jan. 28, 1993.

Certiorari Denied Aug. 30, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Frances Smylie Brown, Chief Appellate Deputy State Public Defender, Kristin Giovanini, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Timothy C. Loomis, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of aggravated robbery, first degree burglary, first degree assault, and theft. He also appeals the sentence imposed. We affirm.

The defendant and an accomplice broke into a gun shop, from which they took an armload of rifles and shotguns, plus several knives and bags of ammunition. After arriving at a friend's house with the stolen goods, they loaded some of the firearms. They then drove to a convenience store, which the defendant robbed at gunpoint.

Almost immediately after leaving the store they were stopped by a police officer. The accomplice ran, but the defendant remained and pointed a loaded shotgun at the officer. The officer fired twice at the defendant but did not hit him. The defendant then fled but was captured soon afterward.

## I.

Defendant asserts that, in regard to the break-in at the gun store, the evidence was insufficient to support a conviction for first degree, as distinguished from second degree, burglary. Specifically, he argues that the prosecution failed to prove beyond a reasonable doubt that he was armed with a deadly weapon, an element of first degree burglary pursuant to § 18–4–202(1), C.R.S. (1986 Repl.Vol. 8B). We reject defendant's argument.

Section 18–4–202(1) provides:
A person commits first degree burglary if he knowingly enters or remains unlawfully in a building or occupied structure with intent to commit therein a crime, other than trespass, against a person or property, and if in effecting entry or while in the building or occupied structure or in immediate flight therefrom, he or another participant in the crime assaults or menaces any person, *or he or another participant is armed with explosives or a deadly weapon.* (emphasis added).

We note preliminarily that the statute clearly contemplates the situation in which, as here, a burglar enters unarmed and thereafter becomes armed. Further, firearms, whether loaded or unloaded, and knives are deadly weapons under this statute. Section 18–1–901(3)(e), C.R.S. (1986 Repl.Vol. 8B). Finally, the elements of second degree burglary are identical to those for first degree absent the requirements that the defendant assault or menace someone or be armed. Section 18–4–203, C.R.S. (1986 Repl.Vol. 8B).

Relying on *People v. Moore,* 841 P.2d 320 (Colo.App.1992), the defendant contends that he was not "armed" within the meaning of the statute. He asserts that, under *People v. Moore,* his armload of weapons should have been properly characterized as stolen items or "loot" which were coincidentally firearms and knives, rather than as deadly weapons.

In that case, Moore was convicted of first degree burglary based on the fact that he was carrying stolen weapons in a canvas

sack during the burglary. A division of this court reversed.

In doing so, the division initially noted that "armed" was not defined in the statutes or case law. It concluded that, under the circumstances of that case, Moore was not armed within the meaning of the statute. Specifically, it reasoned that when theft is the objective of the illegal entry, the degrees of the offense logically do not change as a result of the items stolen.

The *Moore* division found support for this proposition in the language of § 18–4–202(1), C.R.S. (1986 Repl.Vol. 8B), which it interpreted as providing that:

> second degree burglary becomes first degree burglary when the perpetrator increases the risk of deadly or bodily harm to an occupant or other person present by possessing a deadly weapon *such that he knowingly places or attempts to place such person in fear of serious bodily injury ... or intends to and does cause serious bodily injury to any person.* People v. Moore, 841 P.2d at 323. (emphasis added)

Noting that Moore had not removed the weapons from the canvas sack and had not threatened anyone during the burglary of the unoccupied premises, the division held that, under these circumstances, Moore was not armed within the meaning of the statute.

To the extent that the *Moore* holding is interpreted as requiring that one must threaten another with the weapon to be guilty of first degree burglary, we decline to follow that decision. The plain language of the statute provides that a burglary is elevated to first degree if the perpetrator or another participant "assaults or menaces any person or ... is armed with explosives or a deadly weapon." The conjunctive "or" separating the two phrases clearly signifies legislative intent to raise the seriousness of the crime if either factor is present.

■ If a defendant steals firearms or other material classified as deadly weapons under § 18–1–901(3)(e), C.R.S. (1986 Repl. Vol. 8B) so that he becomes armed with a deadly weapon within the meaning of § 18–4–202(1), there is no requirement that the prosecution show that he assaulted or menaced anyone.

By enhancing the penalty for burglary when the burglar is or becomes armed with a deadly weapon, it is evident that the General Assembly intended that such activity be deterred. A burglar armed with a deadly weapon while fleeing from the scene of the offense tends to escalate the potential dangerousness of the situation. A burglar may very well initially not intend to use the weapon, but if he is confronted by the police, the property owner, or a bystander, use of the weapon may likely follow.

■ Having so concluded, we need now determine if the defendant here was armed with a deadly weapon when he carried unloaded firearms and knives from the scene of the burglary.

The term "armed" is not defined in the statues or in case law. The prosecution urges us to adopt a definition in keeping with other jurisdictions which have concluded that the term "armed" in the context of first degree burglary means access or ability to use the deadly weapon.

A review of decisions from other jurisdictions reveals that a majority of courts faced with the question have held that one who steals a weapon may be found to have been armed, without showing actual use or intent to use the weapon, if the defendant had immediate access to the weapon during the offense. *See generally Wesolic v. State,* 837 P.2d 130 (Alaska App.1992); *Meadows v. Commonwealth,* 551 S.W.2d 253 (Ky.App.1977); *State v. Merritt,* 247 N.J.Super. 425, 589 A.2d 648, *cert denied,* 126 N.J. 336, 598 A.2d 893 (1991); *State v. Luna,* 99 N.M. 76, 653 P.2d 1222 (1982); *State v. Hall,* 46 Wash.App. 689, 732 P.2d 524 (1987); *Britt v. State,* 734 P.2d 980 (Wyo.1987) (defendant armed when weapon is within immediate control and available for use). *But see Buchannon v. State,* 554 So.2d 477 (Ala.Crim.App.1989) (mere possession of weapon as loot does not equate armed); *State v. Befford,* 148 Ariz. 508,

715 P.2d 761 (1986) (prosecution must show defendant had willingness or present ability to use weapon).

In *State v. Hall, supra,* the defendant took firearms and ammunition from a house and placed them in the trunk of his car. He was charged with first degree burglary under a statute substantially similar to ours. The court held that a defendant was armed with a deadly weapon if a firearm is "easily accessible and readily available for use by the defendant for either offensive or defensive purposes." *State v. Hall,* 732 P.2d at 528. Under this test, no analysis of a defendant's willingness or present ability to use the firearm is needed in determining whether the firearm is easily accessible and readily available for use. *State v. Speece,* 56 Wash.App. 412, 783 P.2d 1108 (1989).

We find the rationale in *State v. Hall, supra,* and the other cases reaching the same result to be persuasive and adopt the definition of "armed" from the *Hall* decision for the term as used in § 18–4–202(1), C.R.S. (1986 Repl.Vol. 8B).

■ The defendant argues that, in light of § 18–1–901(3)(e)(IV), C.R.S. (1986 Repl. Vol. 8B), this definition may render the distinction between first and second degree burglary meaningless. That section provides that "any other weapon, device, instrument, material, or substance, whether animate or inanimate" are deadly weapons if, in the manner used or intended to be used, they are capable of producing death or serious bodily injury. The defendant argues that such other objects, such as shoes, bottles or tools, may now be considered deadly weapons if taken as loot and thus all burglaries will be first degree. We disagree.

With such items, the statute provides that the critical factor is the manner of use. A defendant who would not be guilty of first degree burglary for mere possession of a stolen bottle may be guilty of the offense if he uses the bottle as a bludgeon. Firearms, knives, and bludgeons, however, are per se capable of producing death or serious bodily injury in the manner they are used or are intended to be used.

Here, the defendant carried the stolen firearms and knives. They were not enclosed in containers or otherwise limited in access. The weapons thus were clearly easily accessible and readily available for use by the defendant during the offense. Under these circumstances, the evidence was sufficient to support the defendant's conviction for first degree burglary.

## II.

■ Defendant also contends that the trial court committed reversible error by refusing to give the jury a theory-of-the-case instruction he tendered. We do not agree.

■ Generally, a trial court must instruct the jury on the accused's theory of the case if there is any evidence in the record to support it. *People v. Dillon,* 655 P.2d 841 (Colo.1982). However, if a tendered instruction is only a general denial, the defendant is not entitled to a theory-of-the-case instruction. *People v. Rivera,* 710 P.2d 1127 (Colo.App.1985).

In refusing the defendant's tendered instruction, the court found that it was merely a statement of evidence potentially offered if the defendant had testified and as such did not constitute a theory of the case.

Here, the instruction tendered referred to the assault. However, the defendant did not testify; the only evidence on the assault charge came from the officer.

The first paragraph of the tendered instruction read:

> [Defendant] asserts that he had no intention of causing any harm to [the officer] on December 14, 1990, and only intended to frighten him with a shotgun.

The tendered instruction went on to say that the prosecution needed to prove beyond a reasonable doubt that the defendant did intend to cause serious bodily harm for the jury to find him guilty.

The court found that this instruction amounted not to a theory-of-the-case instruction but only to a mere denial that the defendant intended to harm the officer.

We conclude that the court was correct in so finding and that there was thus no error in refusing it. *See People v. Rivera, supra.*

The defendant's reliance on *People v. Nunez,* 841 P.2d 261 (Colo.1992) is misplaced. There, the court was dealing with an alibi defense based upon evidence of such brought forth by defendant, not, as here, a defense that was little more than a general denial of an element of the offense. Thus, we perceive no error in refusing the tendered instruction.

## III.

 Defendant maintains the trial court abused its discretion in sentencing him within the aggravated range to a term of 50 years. We disagree.

■ A trial court may impose a sentence outside the presumptive range only if, based upon the evidence in the record or the sentencing hearing and the presentence report, extraordinary aggravating or mitigating circumstances are present. *People v. Walker,* 724 P.2d 666 (Colo.1986).

■ When a sentence outside the presumptive range is imposed, the court is required to place on the record its findings as to aggravating circumstances that justify variation from the presumptive range. *People v. Vela,* 716 P.2d 150 (Colo.App. 1985; § 18–1–105(7), C.R.S. (1986 Repl.Vol. 8B). A trial court's sentencing decision will not be reversed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984).

Here, the trial court found aggravating factors based upon the defendant's prior criminal history, the failure of previous attempts at rehabilitation, the effect of the aggravated robbery on the convenience store clerk, and the defendant's inability to control his behavior.

■ The trial court may properly consider the defendant's prior criminal history in its determination of extraordinary circumstances. *Flower v. People,* 658 P.2d 266 (Colo.1983). Moreover, the fact that a sentencing court finds aggravating factors

to be more compelling than mitigating factors does not constitute an abuse of discretion or indicate that the trial court failed to consider evidence of mitigation. *See Rocha v. People,* 713 P.2d 350 (Colo.1986). There was ample support for the sentence imposed, and therefore, the trial court did not abuse its discretion by imposing a sentence to incarceration for a term of 50 years.

The other contention of error is without merit.

Judgment and sentence affirmed.

METZGER and PLANK, JJ., concur.