This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**C   IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

  **vs.**                                   **No. 34,164**

**HERMAN DEES,**

       **Defendant-Appellant**.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}      Defendant appeals from a jury verdict finding him guilty of aggravated burglary and larceny (over $2500). [DS 1; RP v.2/339–40] This Court issued a notice proposing to affirm. In response, Defendant filed a timely memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}      As an initial matter, we note that our notice addressed three issues, which were raised by Defendant in his docketing statement: first, that the "armed after entering" prong of an aggravated burglary charge cannot be satisfied unless evidence was presented that Defendant possessed the specific intent to use the stolen firearms in question to arm himself, not just as stolen property; [DS 9] second, that there was insufficient evidence to support his convictions for aggravated burglary and larceny; [DS 11] and third, that he received ineffective assistance of standby counsel. [DS 11] Defendant's memorandum in opposition responds only to the first issue, and as such, we consider issues two and three to be abandoned. *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue.).

{3}      We turn to the merits of Defendant's contentions with respect to his first issue. Our notice explained that even though evidence was presented that some of the firearms that Defendant stole were cased, Defendant was armed for purposes of

2

prosecution under the aggravated burglary statute because our Court has held previously that the aggravated burglary statute "is violated by a person who in the commission of a burglary becomes armed with an unloaded firearm." *State v. Luna*, 1982-NMCA-150, ¶ 12, 99 N.M. 76, 653 P.2d 1222. Our Court explained in *Luna* that our Legislature had two purposes underlying this statute: first, to deter the stealing of guns, and second, to deter the possession or use of firearms during the commission of a burglary. *Id.* ¶ 6. We proposed that the present circumstances were analogous to those in *Luna*. [CN 3]

{4}     In his memorandum in opposition, Defendant does not address the New Mexico case law discussed in our notice. Instead, Defendant points this Court to out of state authorities in support of his position. [MIO 3-4] Defendant continues to contend that "[t]he use to which the burglar puts the stolen weapon is critical." [MIO 2] Defendant argues that if this Court were to conclude that the facts of this case support a conviction for aggravated burglary, "the result would be to classify virtually every burglary as aggravated, since virtually any item can be [used] as a deadly weapon." [MIO 4] Defendant further argues that "[o]ur [L]egislature could not have intended such an all-encompassing result, which is not warranted under New Mexico law nor a commonsense interpretation of the statutory language." [MIO 4-5] However, as cited in our notice, our Court subsequently reexamined our holding in *Luna* and our

3

Legislature's intent behind the aggravated burglary statute and explained that "[t]he [L]egislature could reasonably aspire to deter potential violence by punishing even the bare possession of guns during the commission of a crime regardless of whether the guns were loaded or how they were used." *State v. Padilla*, 1996-NMCA-072, ¶¶ 8-12, 122 N.M. 92, 920 P.2d 1046 (declining to overrule *Luna* and holding that the defendant became armed with a deadly weapon (specifically, a knife) at the moment he stole it for the purpose of the aggravated burglary statute, irrespective of its lack of use, and its location in a trash can used to take away other items from the burglary). We do not see, and Defendant has not explained, how this case is distinguishable from our published authorities. *See Gulbransen v. Progressive Halcyon Ins. Co.*, 2010-NMCA-082, ¶ 13, 148 N.M. 585, 241 P.3d 183 (stating that a formal New Mexico Court of Appeals opinion is controlling authority). We therefore affirm.

{5}     For the foregoing reasons, and for the reasons stated in our notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**