STATE of Minnesota, Respondent,

v.

**Phillip Gordon CATES, Appellant.**

**No. C9–85–1876.**

Court of Appeals of Minnesota.

March 25, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Douglas L. Ruth, Steele Co. Atty., Casey J. Christian, Asst. Co. Atty., Owatonna, for respondent.

C. Paul Jones, State Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Phillip Cates pled guilty to first-degree burglary, Minn.Stat. § 609.582, subd. 1(a) and (b), and possession of stolen property, Minn.Stat. § 609.53, subd. 1. The question of whether Cates used, as opposed to possessed, a firearm during the burglary was disputed. The trial court took evidence, determined that Cates *used* the firearm, and imposed the mandatory 36-month sentence. After Cates appealed, the State moved to amend the sentence to 30 months, and the trial court granted the motion. We affirm.

## FACTS

Cates and two juveniles broke into David and Nancy Olson's home shortly after midnight on March 4, 1985, looking for firearms. After finding nothing in the basement, the three left. They returned a short time later; one of them climbed through the basement window and opened the front door for the other two. All three were carrying unloaded guns. Cates went upstairs and walked down the hallway, looking into bedrooms. When he spoke to one of his accomplices, he awakened Nancy Olson.

Nancy Olson turned on a light, and Cates slipped into an open closet at the top of the stairway. The two others ran out the front door. David Olson came out of the bedroom and yelled at the intruders. Cates stepped out of the closet and hit Olson on the back of the head. While Olson and Cates struggled, a Colt 45 pistol fell to the floor, and Nancy Olson retrieved it. She called the police, who arrived and arrested Cates.

The State contended that in the course of the struggle Cates struck Olson with the gun. Cates claimed that he struck Olson with his gloved hand and that he only held the gun "for a minute or two" shortly after entering the house. He said he placed the gun inside his belt, on the left side. Nancy Olson testified that when she first observed her husband and Cates fighting in the hall, she saw the gun in Cates' right hand. She repeatedly yelled to her husband, "He's got a gun!" She did not see Cates hit David Olson with the gun.

David Olson heard his wife warn him of the gun, but he did not see it. He knew he was hit with a sharp object rather than a fist. Dr. James E. McEnaney, a family practitioner who examined David Olson on March 7, 1985, concluded that the injury was not inflicted by a human hand and believed it was unlikely that the injury was caused by a metal clip on Cates' glove.

The trial court found that Cates had used the firearm and sentenced him to the mandatory minimum sentence of three years for first-degree burglary involving the use of a gun. *See* Minn.Stat. § 609.11, subd. 5. Cates received a 15-month sentence on his plea to possession of stolen property, to be served concurrently. Other counts of second-degree burglary, possession of stolen property, and second-degree assault were dismissed. Sentence was imposed on July 19, 1985. The State had agreed, as part of the plea bargain, to recommend a six-month downward departure if Cates supplied them with information on criminal activity of a local police officer. The State maintained at sentencing that Cates had not given them sufficient information to identify the officer and refused to recommend the departure. After Cates appealed, the State determined that the information provided by Cates was useful in breaking up a major burglary ring in Steele County and moved to amend Cates' sentence to 30 months. The trial court granted the motion.

### ISSUES

1. Did the trial court err in finding that Cates used a firearm while committing a burglary?

2. Did the trial court abuse its discretion in not departing further from the presumptive sentence?

### ANALYSIS

#### I

■ The distinction between use and possession of a firearm is crucial to the issue of sentencing. A defendant who possessed a firearm in connection with an applicable offense is subject to a mandatory minimum prison term of one year. *See* Minn.Stat. § 609.11, subd. 4. A defendant who "used, whether by brandishing, displaying, threatening with, or otherwise employing a firearm" in connection with an applicable offense is subject to a mandatory minimum prison term of three years. *See* Minn.Stat. § 609.11, subd. 5.

The trial court found that Cates struck Olson with a gun. The testimony of Nancy Olson, David Olson, and Dr. McEnaney supports this finding. *See State v. Seefeldt,* 292 N.W.2d 558, 562 (Minn.1980) (use and nature of weapon inferable from the evidence). The court's finding that Cates used a firearm was not clearly erroneous.

#### II

At sentencing Cates' trial counsel asked the trial court for a downward durational departure from the 36-month term because (1) Cates was under the influence of drugs and alcohol when the offense occurred; (2) he believed the Olson residence was unoccupied and carried the handgun only to show off in front of his friends; (3) he was a first-time offender who had had a difficult childhood; and (4) the State had agreed to recommend a six-month departure in exchange for the information Cates provided. The State later moved for a six-month sentence reduction based on this agreement, which the trial court granted.

■ A trial court may sentence without regard to the mandatory minimum term law if it finds that substantial mitigating factors are present. *See State v. Trott,* 338 N.W.2d 248, 253 (Minn.1983) (citing *State v. Olson,* 325 N.W.2d 13 (Minn.1982)). The decision whether to sentence without regard to the mandatory minimum term law is a discretionary decision. *State v. Cerceo,* 354 N.W.2d 823, 824 (Minn.1984).

■ We do not think the trial court abused its discretion in refusing to depart further from the mandatory minimum sentence. Voluntary use of intoxicants is not a mitigating factor. *See* Minnesota Sentencing Guidelines and Commentary II.D. 2.a.(3) (1984). Cates' subjective beliefs about the circumstances do not diminish the impact on the victims, and we do not find them compelling. Cates' status as a first-time offender is taken into account in the statutory scheme, which imposes a longer minimum sentence for the second use of a firearm in committing an applicable offense. *See* § 609.11, subd. 5.

## DECISION

The trial court's finding that Cates used a firearm during a burglary was not clearly erroneous. The court did not abuse its discretion in refusing a downward durational departure of more than six months.

Affirmed.