**STATE of Minnesota, Respondent,**

v.

**Reginald Terrel JOHNSON, Appellant.**

**No. C1–95–2361.**

Court of Appeals of Minnesota.

July 2, 1996.

Review Denied Sept. 20, 1996.

at the home of appellant Reginald Terrel Johnson. The warrant authorized an unannounced, nighttime search for controlled substances. The entry team attempted to breach the door to Johnson's apartment by first firing three rounds from an Avon shotgun into the lock mechanism; they then rammed the door while one officer simultaneously yelled, "Police ... search warrant." On the third strike of the ram, the officers realized that shots were being fired through the door from inside the apartment. No one was injured.

The officers ordered Johnson out of the apartment, and he complied. Johnson told the officers his pregnant wife was inside. He also stated that he had thrown a Colt .45 on the bedroom floor and added, "For what it is worth ... I'm sorry that I shot at you, I didn't know you were the police."

When police searched Johnson's apartment, they noticed the bedroom was in direct line with the apartment door. They found two spent cartridges on the bedroom floor, a Colt .45 handgun on the floor of the bedroom closet, and a quantity of suspected narcotics on the nightstand next to the bed. The Minneapolis Health Department analyzed the suspected narcotics and concluded it was a mixture containing heroin, weighing 6.35 grams.

Johnson was charged with two counts of second-degree assault under Minn.Stat. § 609.222, subd. 1, and one count of fifth-degree felony possession of a controlled substance under Minn.Stat. § 152.025, subds. 2(1), 3(a), all while using or possessing a firearm within the meaning of Minn.Stat. § 609.11.

Johnson entered a negotiated plea agreement whereby he and the state agreed to submit only the controlled-substance count, "including the violation of Minnesota Statutes 609.11," to the trial court on certain stipulated facts. According to the transcript of the plea hearing, these facts included the probable cause portion of the complaint, reports from the Bloomington and Minneapolis police departments, a Minneapolis Health

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Paul R. Scoggin, J. Michael Richardson, Asst. County Attys., Minneapolis, for Respondent.

Timothy J. Hickman, Barry V. Voss, Voss & Goetz, P.A., Minneapolis, for Appellant.

Considered and decided by DAVIES, P.J., and WILLIS and STONE, JJ.

## OPINION

BRUCE C. STONE, Judge.*

This is an appeal of a sentence following a conviction for fifth-degree possession of a controlled substance committed with the use or possession of a firearm. Appellant contends that because he used a firearm in self-defense or in defense of another and because such use or possession was unrelated to his controlled substance offense, the trial court should not have imposed a mandatory minimum sentence under Minn.Stat. § 609.11, subd. 5. We affirm the sentence.

## FACTS

On March 2, 1995, at approximately 11:15 p.m., police officers from both Minneapolis and Bloomington executed a search warrant

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Department analysis of the recovered substance, and a statement by Johnson that he possessed and used the firearm to defend himself and/or to defend another and not in connection with the possession of the controlled substance. In return for Johnson's relinquishment of his right to a jury trial, the state agreed to dismiss the assault charges. However, the parties further agreed that if Johnson were convicted and sentenced under section 609.11, and if he successfully appealed his sentence, the state could reinstate the assault charges.

The trial court made 23 evidentiary findings to support its verdict that Johnson was guilty of fifth-degree possession of a controlled substance and that at the time of that offense he "had in his possession or used, by brandishing, displaying, threatening with, or otherwise employing, a firearm, in violation of" Minn.Stat. § 609.11, subd. 5. Accordingly, the trial court sentenced Johnson to 36 months imprisonment. Execution of the sentence was stayed pending appeal.

### ISSUE

Did the trial court err by sentencing appellant to a mandatory minimum three-year sentence under Minn.Stat. § 609.11, subd. 5?

### ANALYSIS

On an appeal of a sentence, the reviewing court determines

> whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the sentencing court. * * * The court may dismiss or affirm the appeal, vacate or set aside the sentence imposed * * * and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct.

Minn. R.Crim. P. 28.05, subd. 2.

The criminal code establishes mandatory minimum sentences for certain offenses committed with the use of firearms:

> Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, had in possession or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for not less than three years, nor more than the maximum sentence provided by law.

Minn.Stat. § 609.11, subd. 5 (1994). A felony violation of chapter 152 is one of the predicate offenses listed in subdivision 9. Minn. Stat. § 609.11, subd. 9 (1994).

Johnson was convicted under Minn.Stat. § 152.025 (1994) of fifth-degree possession of a controlled substance. Consequently, Johnson was properly sentenced to a minimum three-year sentence if, within the meaning of the criminal code, he "had possession" or "used" a firearm at the time of his controlled substance offense. A 1994 amendment to Minn.Stat. § 609.11, subd. 5, added the phrase "had possession or" before the language "used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm." 1994 Minn. Laws ch. 636, art. 3, § 5.

Johnson argues that (1) possession of a firearm means actual physical control, not mere ownership, (2) the statutory language concerning "brandishing, displaying, threatening with, or otherwise employing" refers to possession of a firearm as well as its use, and (3) the statute requires that he have employed the firearm in some way relative to the offense for which he was charged.

■ We agree that possession is not equivalent to mere ownership. As Johnson points out, such an interpretation would require imposition of the mandatory minimum sentence on anyone who has a registered firearm and is convicted of a subdivision 9 offense, irrespective of the firearm's proximity to the crime. There is no doubt, however, that Johnson had actual physical possession of the firearm and *used* it when he fired it through the door as the police were entering his apartment. Indeed, as part of the stipulated facts, Johnson admitted using the firearm to defend himself and/or his wife, and the arresting officers reported that Johnson told them he was sorry he had shot at them.

■ Likewise, there is no doubt that at the time Johnson fired the shots, he was also committing the predicate offense—felony possession of a controlled substance, namely heroin. Even though the arresting officers did not know at the time the shots were fired that Johnson possessed the heroin, the crime was still complete. *See State v. Florine,* 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975) (holding defendant may constructively possess a controlled substance found in a place to which others also have access if defendant exercises dominion and control over it). The heroin was not any less within Johnson's dominion and control merely because it was on his nightstand, rather than on his person. *See, e.g., State v. Cusick,* 387 N.W.2d 179, 181 (Minn.1986) (holding evidence was sufficient to establish constructive possession in driver of car where cocaine kit was found next to driver's wallet in front seat of car, even though girlfriend owned car, was cocaine user, and testified cocaine was hers); *State v. Mollberg,* 310 Minn. 376, 390, 246 N.W.2d 463, 472 (1976) (holding that evidence supported constructive possession of marijuana discovered in bedroom closet of home in which defendant frequently stayed and was expected to return and where police found various items of his personal property in that bedroom).

Although the trial court used the disjunctive "or" in its verdict that Johnson "had in his possession or used * * * a firearm" at the time of his offense, we need not concern ourselves with the distinction because under the stipulated facts, appellant both had actual possession of *and* used the firearm. Therefore, we do not reach the issue of whether the statutory definition of possession of a firearm includes constructive possession. For the same reason, we do not address Johnson's second argument that the phrase "whether by brandishing, displaying, threatening with, or otherwise employing" refers to both "had possession" and "used."

Finally, we are unpersuaded by Johnson's third argument that the state must prove he employed the firearm in some way relative to the offense.[1] He claims that he only employed the firearm in self-defense, which was not in any way related to his controlled substance offense.

■ Section 609.11 applies irrespective of whether the predicate offense requires involvement of a firearm:

> A defendant does not have to be convicted of an offense that has use of a firearm or dangerous weapon as an element in order for section 609.11 to apply. Section 609.11 *applies to* all *offenses* listed in subdivision 9, *many of which do not have use of* a dangerous weapon or a *firearm as an element.*

*State v. Montjoy,* 366 N.W.2d 103, 110 (Minn. 1985) (emphasis added). The only requirement for "use" is that a defendant have had a firearm at least "in his possession" at the time he committed the predicate offense. *State v. Benford,* 289 N.W.2d 498, 500 (Minn. 1980).

■ Additionally, Johnson contends that 18 U.S.C. § 924(c)(1) is the federal equivalent of Minn.Stat. § 609.11, and the two statutes should be similarly interpreted. This federal statute imposes a five-year minimum term of imprisonment upon a person who "during *and in relation to* any crime of violence or drug trafficking crime * * * uses or carries a firearm." 18 U.S.C. § 924(c)(1) (1994) (emphasis added). Contrary to Johnson's argument, the United States Supreme Court's recent interpretation of 18 U.S.C. § 924(c)(1) sheds no light on our interpretation of Minn. Stat. § 609.11. *See Bailey v. United States,* ── U.S. ──, ── ── ──, 116 S.Ct. 501, 505–06, 133 L.Ed.2d 472 (1995) (clarifying meaning of "use" in the federal statute and declining to expand the meaning to encompass possession). The federal statute, unlike the Minnesota statute, specifically requires that use of a firearm be "in relation to" the drug trafficking crime. In contrast, Minnesota's minimum sentencing statute requires no nexus between the commission of the

---

1. Although counsel did not cite *State v. Cates,* 384 N.W.2d 217 (Minn.App.1986), we have examined it and do not regard it as requiring a different result. *Cates* discussed Minn.Stat. § 609.11, subds. 4, 5 (1984), the antecedent to the present statute. *Id.* at 219. Loosely paraphrasing the statutory language, *Cates* stated that a defendant who possessed or used a firearm "in connection with an applicable offense" was subject to the mandatory minimum sentence. *Id.*

predicate offense and the use or possession of a firearm, except that they occur at substantially the same time and in reasonable proximity to each other.

## DECISION

The trial court properly imposed the mandatory minimum sentence where appellant both possessed and used a firearm at the same time he committed the predicate offense of fifth-degree possession of a controlled substance.

**Affirmed.**