**STATE of Minnesota, Respondent,**

v.

**Stanley N. ROYSTER, Appellant.**

**No. C5–97–911.**

Court of Appeals of Minnesota.

Feb. 17, 1998.

Review Granted April 14, 1998.

Hubert H. Humphrey III, Attorney General, Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, for respondent.

William E. McGee, Hennepin County Public Defender, Melissa Haley, Assistant Public Defender, for appellant.

Considered and decided by RANDALL, P.J., TOUSSAINT, C.J., and FOLEY, J.

## OPINION

DANIEL F. FOLEY, * Judge.

Appellant was convicted of selling and possessing narcotics and challenges the district court's use of the sentencing enhancement provision for possessing a firearm during the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

commission of a felony controlled-substance crime. We affirm.

## FACTS

Police searched appellant Stanley Royster's home pursuant to a search warrant after making a controlled narcotics buy at his home. Upon entering the home, police ordered Royster and another man to the ground, then handcuffed and searched them. Police found pre-recorded buy money on Royster. While searching Royster's bedroom, police found additional pre-recorded buy money under a stereo, a bag of crack cocaine in a boot, and a .22 revolver under his mattress. Royster admitted to police that he was selling cocaine out of his home, that his father had given him the gun, and that the gun was for protection.

Royster was charged with third- and fifth-degree controlled-substance crimes, sale and possession of narcotics while in possession of a firearm in violation of Minn.Stat. §§ 152.023, subds. 1(1), 3(a) (Supp.1997); 152.025, subds. 2(1), 3(a) (1996); 609.101, subd. 3 (1996); and 609.11 (1996 & Supp. 1997). Royster moved to dismiss the charges for possession of a firearm under Minn.Stat. § 609.11. The district court denied this motion, ruling that Royster had constructive possession of a firearm and that it was within reasonable proximity to the cocaine. Royster waived a jury trial and the facts were stipulated. The district court found Royster guilty of third- and fifth-degree controlled-substance crimes while in possession of a firearm and, pursuant to negotiations, sentenced him to 21 months incarceration.

## ISSUE

Did the district court err in sentencing appellant under Minn.Stat. § 609.11, subd. 5, where appellant was convicted of felony controlled-substance crimes committed in his home and he had constructive possession of a firearm?

art. VI, § 10.

## ANALYSIS

 Statutory construction is a question of law reviewed de novo by this court. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). Criminal statutes must be strictly construed and any question as to legislative intent must be resolved in the defendant's favor. *State v. Olson*, 325 N.W.2d 13, 19 (Minn.1982).

Royster argues his sentence should be set aside because Minn.Stat. § 609.11 does not apply to his case. He concedes that he was properly convicted of a felony controlled substance crime and freely admits that he owns the gun found under his mattress, but argues he did not have the gun in his possession, within the meaning of Minn.Stat. § 609.11, subd. 5, when he committed the crime. He requests that this court vacate his sentence and resentence him under the Minnesota Sentencing Guidelines with credit for time served. He maintains that because he has no criminal history points, his conviction requires only a 12–month stayed sentence.

A defendant convicted of a felony controlled-substance crime under Minn.Stat. ch. 152 who "at the time of the offense, had in possession or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm" must be sentenced to a minimum of three years imprisonment. Minn.Stat. § 609.11, subd. 5, 9. Prior to 1994, possession of a firearm during certain enumerated felonies required a mandatory minimum sentence of one year and one day, while use of a firearm during such felonies carried a three-year mandatory minimum sentence. Minn.Stat. § 609.11, subd. 4, 5 (1992); 1994 Minn. Laws ch. 636, art. 3, §§ 5, 6.

In *State v. Johnson*, 551 N.W.2d 244, 246 (Minn.App.1996), *review denied* (Minn. Sept. 20, 1996), Johnson was convicted of fifth-degree possession of a controlled substance and sentenced under Minn.Stat. § 609.11, subd. 5 (1994). In that case, when police began executing an unannounced search warrant by shooting out the lock and ramming the door, Johnson began shooting through the door. *Id.* at 245. After ordering Johnson out of the apartment, police found a handgun on the floor of the bedroom, which was directly in line with the apartment door, and narcotics on the nightstand. *Id.*

In *Johnson* this court agreed that "possession is not equivalent to mere ownership," but determined that Johnson had actual possession of the gun, used it, and was committing the predicate offense of felony possession of a controlled substance while using the gun. *Id.* at 246–47. This court concluded that it did not need to address whether the statute included constructive possession, as well as actual possession, or whether " 'had possession' " and " 'used' " are both modified by " 'whether by brandishing, displaying, threatening with, or otherwise employing' " because Johnson "had actual possession of *and* used the firearm." *Id.* at 247. This court explained that the use of the firearm did not have to be related in any way to the controlled-substance offense and stated that

> [t]he only requirement for "use" is that a defendant have had a firearm at least "in his possession" at the time he committed the predicate offense.

*Id.*

 Royster argues that possession and use are joined by "or" and not separated by a comma and therefore the language that follows, "whether by brandishing, displaying, threatening with, or otherwise employing" modifies both possession and use. He also argues that "had in possession" refers only to actual possession and not constructive possession. He asserts that "had in possession" cannot include constructive possession because the legislature does not intend unreasonable or absurd results. *See* Minn.Stat. § 645.17(1) (1996) (stating that "[t]he legislature does not intend a result that is absurd, impossible of execution, or unreasonable"). He explains that anyone who has a gun in his home always has constructive possession because he has the ability to exercise dominion and control over the gun at any given time. Further, he argues that a holding that this statute refers only to cases of actual possession would be consistent with the public policy behind the statute. He maintains this policy is to prevent others from being injured by a firearm, and this is most likely to occur only when a person has direct physical control over a firearm.

Relying on the legislative history, Royster argues the legislature added the language "had in possession" to Minn.Stat. § 609.11, subd. 5, to ensure that individuals who have a firearm available for use during an offense would receive the same mandatory minimum sentence as individuals who actually use the gun during the offense. *See Hearing on H.F. No. 2114 Before the House Committee on the Judiciary* (Mar. 18, 1994) (statement of Rep. Swenson). The state argues in response that the legislative history "had in possession" was added to the statute to reflect that anyone who possesses a firearm while committing a crime uses it as an "insurance policy." *See id.* (statement of Richard D. Hodsdon, Assistant Washington County Attorney).

The state additionally argues that if Royster's interpretation were correct, it would mean that only those individuals who are actually carrying a firearm when they commit a crime have it available for use. The state asserts that, here, the gun was found within three feet of the confiscated drugs and could have been retrieved at a moment's notice. Rather than drawing a line between actual and constructive possession, the state argues, this court should adopt a "reasonable proximity" test, as applied in *Johnson,* and require that the offense and the possession of the firearm "occur at substantially the same time and in reasonable proximity to each other." *Johnson,* 551 N.W.2d at 247–48. The state insists this test will ensure that mere ownership does not automatically trigger the statute.

■ Royster's argument that both "had in possession" and "used" must modify "whether by brandishing, displaying, threatening with, or otherwise employing" because of the placement of the comma is unpersuasive. It is clear that if both were modifying that clause, adding the language "had in possession" to the subdivision would not have effected any change in the law. "Generally, this court must presume that the legislature intended an amendment to effect a statutory change." *Geldert v. American Nat'l Bank,* 506 N.W.2d 22, 26 (Minn.App.1993), *review denied* (Minn. Nov. 16, 1993). Thus, this argument is without merit.

Legislative research indicates that the legislature likely added "had in possession" to this subdivision because prior to the 1994 amendments, the identical language was used in the preceding subdivision, requiring a mandatory one-year-and-one-day sentence for having possession of a firearm during certain felonies. Minn.Stat. § 609.11, subd. 4 (1992). By moving the language "had in possession" to Minn.Stat. § 609.11, subd. 5, the mandatory sentence increased to three years. Minn.Stat. § 609.11, subd. 5 (1996).

■ A blanket statement by this court that the language "had in possession" includes both actual and constructive possession would be inappropriate. In that case, every individual who owns a gun could be subject to an increased penalty for the commission of a crime. *See Johnson,* 551 N.W.2d at 246 (rejecting interpretation that possession is equivalent to ownership because this interpretation would require imposition of mandatory minimum sentence whenever registered firearm owner is convicted of Minn.Stat. § 609.11, subd. 9 offense, regardless of firearm's location). Constructive possession does not necessarily require that the weapon be easily accessible. Constructive possession only requires proof

(a) that the police found the [firearm] in a place under defendant's exclusive control to which other people did not normally have access, or (b) that, if police found it in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it.

*State v. Florine,* 303 Minn. 103, 105, 226 N.W.2d 609, 611 (Minn.1975) (defining constructive possession of controlled substances); *see also State v. Willis,* 320 N.W.2d 726, 728 (Minn.1982) (applying *Florine* constructive possession requirements to possession of a firearm).

■ The district court recognized that not all cases of constructive possession should trigger prosecution under this statute. Instead, the district court reasoned that constructive possession should be coupled with "reasonable proximity." In *Johnson,* this

court stated that use or possession should "occur at substantially the same time and in reasonable proximity" to the offense. 531 N.W.2d at 248. The district court here concluded that Royster had constructive possession of the gun, the drugs were only a few feet from the gun, permitting immediate access to the gun, and, thus, the drugs and the gun were in reasonable proximity to each other.

As Royster points out, he did not use the gun during the controlled buy that supported the search warrant, and the affidavit requesting the warrant makes no mention of the buyer seeing a weapon during the transaction. The affidavit for the search warrant indicates the entire transaction took place in Royster's doorway. Also, when police executed the search warrant they did not find a weapon on his body or in the same room in which the arrest was made. The police did, however, find the gun approximately three feet from the crack cocaine when they executed the search warrant. Although the gun was under Royster's mattress, it was loaded, and, at least arguably, it was readily available for use. We note that individuals may keep lawfully owned firearms in their own home and carry weapons with a permit. *See* Minn.Stat. § 624.714 (1996). These rights, however, do not permit individuals to use or possess their weapons while engaging in criminal activity.

We hold that the language "had in possession" in Minn.Stat. § 609.11, subd. 5, may include constructive possession when the firearm is in reasonable proximity to the defendant or to the drugs or other contraband. Holding that constructive possession can never trigger this statute would preclude convictions under Minn.Stat. § 609.11, subd. 5, even where the gun is within an arm's length from the defendant during the commission of the felony. Here, Royster's gun was in close proximity to illicit drugs, and it was fully loaded and ready for use.

## DECISION

The district court did not err in determining that Royster had a firearm in his possession, within the meaning of Minn.Stat. § 609.11, subd. 5, when he committed the predicate offenses of felony sale and possession of a controlled substance.

**Affirmed.**

RANDALL, Judge (dissenting).

I respectfully dissent. Under Minnesota's enhancement statute, Minn.Stat. § 609.11 (1996), a defendant's sentence can be enhanced up to three years, if "at the time of the offense, had in possession or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm." Minn.Stat. § 609.11, subd. 5 (1996).

First of all, I agree with the majority that pure "constructive possession" anywhere in the home or the building where the crime occurred would not trigger this enhancement statute. Thus, I agree with the majority's statement, "[a] blanket statement by this court that the language 'had in possession' includes both actual and constructive possession would be inappropriate."

Also, I do not agree with appellant's strict interpretation wherein he argues that the enhancement statute can only apply in fact situations involving "actual possession" of a firearm when committing a predicate or underlying offense.

The words the legislature used are not ambiguous and have simple and explainable meanings. The enhancement can come in when a defendant either brandishes, displays, threatens with, or otherwise employs a firearm. Common sense tells us that if a person brandishes, displays, threatens with, or otherwise employs a firearm, those actions will come under either possession or use. Put another way, you cannot brandish, display, threaten with, or otherwise employ a firearm without using or possessing it in some way. This is not a difficult concept. Using or otherwise employing can involve either actual or constructive possession, depending on the facts.

Appellant argues that "had in possession" can refer only to actual possession and not constructive possession. That interpretation would not cover fact situations that the legislative language intended to cover. For instance, a defendant could point to a firearm, within a few feet or even several feet of

himself, but visible to another person, and tell that person that if they do not act in a certain way "I will get that gun and use it on you" or similar language. Someone standing 20, 40, or 50 feet away from a man who is both displaying and threatening with a firearm only 5, 10, or 15 feet away could feel truly threatened. In that fact situation, or some variation thereof, that defendant is "using" the firearm and is somehow "otherwise employing" it. Yet, in that fact situation, or a variation thereof, the defendant could make a strong case that he was not in actual possession. I suggest that a common sense reading of the enhancement statute indicates it covers this example of not strict actual possession, but constructive possession, plus an affirmative use of that firearm.

But on the other hand, I cannot agree with the majority that this enhancement statute can be handled either fairly to defendants, or accurately under the meaning of the enhancement statute, by simply using a "reasonable proximity" test. Reasonable proximity, standing alone, has nothing to do with brandishing, displaying, threatening with, or otherwise employing. To me, one of those four categories (brandish, display, threaten with, or otherwise employ), an essential element of the crime, must be shown by proof of at least some affirmative act on the part of the defendant. For instance, if the firearm is in reasonable proximity, and the defendant points to it, he has done enough of an affirmative act to come within one of the four modifiers. But some evidence of some affirmative act showing an intention to brandish, display, threaten with, or otherwise employ has to be part of the state's proof. That element is missing in this case. The state's only argument is that the gun was close and the defendant "could have used it" if he wanted to.

The legislative use of the terms is clear. The intent of the legislature was to limit enhancement to those situations where the firearm is in some manner *involved* in the commission of a predicate offense. They spelled out for the prosecution three specific terms, brandish, display, and threaten with, and even gave the prosecution a broad general term, otherwise employ. But with each

term it is clear that the firearm has to be used in some way.

On these facts, appellant's pistol was not any part of the predicate offense. Appellant never brandished it, never displayed it, never threatened with it, and did not in any way employ it as part of his offense of selling and possessing narcotics. All that can be said about it is that it was discovered close by during a search. But it cannot be said that appellant in any way employed that pistol.

I suggest the district court's interpretation was overly broad and contrary to the intent of the enhancement statute. I would reverse and vacate the application of the enhancement statute.