STATE of Minnesota, Respondent,

v.

Stanley N. ROYSTER, petitioner,

Appellant.

No. C5–97–911.

Supreme Court of Minnesota.

Feb. 4, 1999.

William E. McGee, Hennepin County Public Defender, Renee Bergeron, Assistant Public Defender, Minneapolis, for appellant.

Michael Hatch, Minnesota Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, for respondent.

Heard, considered, and decided by the court en banc.

OPINION

STRINGER, J.

We granted review to consider whether appellant Stanley N. Royster was properly sentenced under the mandatory minimum

sentence of three years imprisonment under Minn.Stat. § 609.11, subds. 5, 9 (1998), when he was in possession of a firearm while committing a predicate felony offense. Royster was not actually carrying the firearm when he was arrested for the felony but the firearm was nearby. The trial court held that constructive possession of a firearm is an appropriate component of Minn.Stat. § 609.11, subd. 5 and that Royster had possession because the firearm was within "reasonable proximity" and imposed the mandatory minimum sentence; the court of appeals affirmed. We affirm.

On February 12, 1997, the Minneapolis Police executed a search warrant at Royster's residence at 1176 Fourth Avenue North in Minneapolis, issued on numerous complaints lodged with the police that drugs were being sold out of Royster's residence and on the basis of a controlled narcotics buy at his residence. Police found Royster and another man inside. Items recovered in Royster's search included cash in his pocket and some pre-recorded buy money from the Minneapolis Narcotics Unit. In the premises search, specifically of Royster's bedroom, the police recovered additional pre-recorded buy money, a bag of crack-cocaine in a boot, and a fully-loaded .22 revolver from underneath his mattress located approximately three feet from the boot containing the crack-cocaine. After his arrest Royster admitted to the police that he was selling cocaine out of his home and claimed that his father had given him the revolver for protection because he lived in a dangerous neighborhood. Royster was charged with two counts relating to the sale and possession of a controlled substance, including sale and possession of a controlled substance while in possession of a firearm in violation of Minn.Stat. § 609.11, subd. 5.

Royster waived a jury trial and the matter was submitted to the court on stipulated facts. The trial court found Royster guilty of third- and fifth-degree controlled substance crimes while in possession of a firearm, both of which are predicate offenses under Minn. Stat. § 609.11, subd. 9 requiring a mandatory minimum sentence of three years.[1] In the first step of its analysis, the trial court considered whether the words "had possession" were intended by the legislature to include constructive as well as actual possession. The district court held that "possession" included constructive possession by focusing on the notable absence of the word "actual" from the statute. In doing so however, the district court rejected the notion that mere ownership of a firearm triggers application of the statute and turned to a test of "reasonable proximity" articulated by this court in *State v. Johnson*,[2] to establish the limits of constructive possession. The district court held that a firearm is in reasonable proximity when it is "sufficiently near to the drugs, so that the defendant has immediate access to it." It concluded that Royster had possession of the firearm because it was his, the drugs were found only a few feet from the firearm permitting immediate access to it and the drugs at the same time, and the firearm and drugs were in reasonable proximity to each other. The court of appeals affirmed the district court in a split decision holding that Royster could be convicted for constructively possessing a firearm during the commission of a felony because the firearm was in close proximity to the contraband and it was fully loaded and ready for use.

■ Statutory construction presents a legal question for de novo review.[3]

■ It is undisputed that Royster committed the predicate offense listed in section 609.11, subd. 9, so our only concern is whether the statute includes both constructive and actual possession of a firearm, and if the statute includes constructive possession,

---

1. Pursuant to negotiation, the trial court sentenced Royster to 21 months in prison. Royster and the state entered into an agreement wherein he waived a jury trial and agreed to submission of the case to the trial court on stipulated facts. The parties also agreed to submit the issue of whether the sentencing enhancement provision of Minn.Stat. § 609.11, subd. 5 applied to the facts of this case. In exchange, the state agreed that if section 609.11 was found to be applicable and Royster was found guilty, his sentence would be 21 months instead of the mandatory minimum of 36 months under the statute.

2. 551 N.W.2d 244, 247–48 (Minn.1996).

3. *See Dairyland Ins. Co. v. Starkey*, 535 N.W.2d 363, 364 (Minn.1995).

what should be the nature of the possession required to trigger the mandatory minimum sentence.[4] Based on the evolution of section 609.11, subdivisions 4 and 5, we conclude that constructive possession is a component of the mandatory minimum sentence statute.

When Minnesota Statute § 609.11, subd. 5, was enacted in 1981, it originally provided in relevant part:

> Subd. 5. **Firearm.** Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment not less than three years, nor more than the maximum sentence provided by law.[5]

But parallel to subdivision 5 pertaining to a firearm "used" during the commission of the predicate offense was subdivision 4 pertaining to commission of a predicate offense while "in possession of a firearm." Subdivision 4 mandated a minimum sentence of one year and provided:

> Subd. 4. **Dangerous Weapon.** Any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense * * * had in possession a firearm, shall be committed to the commissioner of corrections for a mandatory minimum term of imprisonment of not less than one year plus one day, nor more than the maximum sentence provided by law.[6]

Thus, prior to 1994, a defendant who "possessed" a firearm while committing a predicate offense faced a mandatory minimum sentence of one year plus one day under subdivision 4, while a defendant who "used" a firearm "by brandishing, displaying, threat-

ening with, or otherwise employing [it]" faced a mandatory minimum sentence of three years under subdivision 5.

In 1994 the Minnesota Legislature amended subdivisions 4 and 5, by striking the words "had in possession" from subdivision 4 and inserting them into subdivision 5.[7] Subdivision 5 now reads, in relevant part:

> Subd. 5. **Firearm.** * * * [A]ny defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, at the time of the offense, *had in possession* or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for not less than three years, nor more than the maximum sentence provided by law.[8]

As a result of the 1994 amendment, both *possession* and *use* while committing a predicate felony offense triggered the three-year mandatory minimum sentence.[9]

The legislature supplied no definition of the term "had in possession" in the 1994 amendment, however. Royster argues that it must be read in conjunction with "brandishing, displaying, threatening with, or otherwise employing [the firearm]" to trigger the mandatory minimum sentence and because his firearm was not so employed but rather lay dormant under his mattress, he did not have the "possession" contemplated by the legislature.

Clearly the statute cannot be read to reach such a conclusion however, for it is obvious that in 1994 the legislature intended to increase the sentence for those who possess a firearm while committing a crime even though they do not actually use a firearm. To conclude that "possession" must be accompanied by some kind of "brandishing" would render the 1994 amendment meaning-

---

4. It now appears to be conceded by Royster's counsel that at least some form of constructive possession is appropriately a part of the statutory scheme.

5. Minn.Stat. § 609.11, subd. 5 (1992).

6. Minn.Stat. § 609.11, subd. 4 (1992).

7. *See* Act of Aug. 1, 1994, ch. 636, art. 3, §§ 5–6, 1994 Minn. Laws 2170, 2233.

8. Minn.Stat. § 609.11, subd. 5. (emphasis added).

9. Included as a predicate offense in section 609.11, subd. 9 are felony violations of Chapter 152, or any attempt to commit these offenses. *See* Minn.Stat. § 609.11, subd. 9.

less because if a defendant possessed the firearm without brandishing under the pre–1994 amendment, subdivision 4 would trigger a minimum sentence of one year; but possession without brandishing *after* the 1994 amendment would not trigger any mandatory minimum at all. This clearly was not what the legislature intended. We hold that "brandishing" is not required as an element of proof of possession to trigger the mandatory minimum sentence under Minn.Stat. § 609.11, subd. 5.

Finally, we consider what should be the test for determining when constructive possession while committing the predicate offense should trigger the mandatory minimum sentence under Minn.Stat. § 609.11, subd. 5. The sentence enhancement amendment reflects the obvious reality that possession of a firearm while committing a predicate felony offense substantially increases the risk of violence, whether or not the offender actually uses the firearm. The firearm in possession was recognized by the legislature as an "insurance policy * * * to be used to further the crime if need be"[10] and clearly raises the stakes of severe injury or death as a result of the commission of the predicate offenses. It seems reasonable then to examine all aspects of the firearm in possession to determine whether it was reasonable to assume that its presence increased the risk of violence and to what degree the risk is increased: the nature, type and condition of the firearm, its ownership, whether it was loaded, its ease of accessibility, its proximity to the drugs, why the firearm was present and whether the nature of the predicate offense is frequently or typically accompanied by use of a firearm, to name a few of the considerations.

Applying these standards to the present case, we hold that the state presented sufficient evidence to prove beyond a reasonable doubt that Royster's possession of a firearm while committing the predicate felony offense met the requisites of section 609.11, subd. 5. Because Royster's .22 caliber pistol, fully loaded, was found under Royster's mattress within 3 feet of 2.9 grams of crack-cocaine, the trial court could reasonably infer that possession of the firearm substantially increased the risk of violence related to his drug trafficking.

Affirmed.

---

10. Hearing on H.F. 2114, Judiciary Conference Comm., Minn. Leg., March 18, 1994 (audio tape) (statement of Richard Hodsdon, Assistant Washington County Attorney).