STATE of Minnesota, Appellant,

v.

Kenneth Paul HERBERT, Respondent.

No. CX–99–827.

Court of Appeals of Minnesota.

Sept. 21, 1999.

Mike Hatch, Attorney General, St. Paul, for appellant.

Jennifer A. Fahey, Mille Lacs County Attorney, John H. Wenker, Assistant County Attorney, Milaca, for appellant.

Robert O'Malley, Milaca, for respondent.

Considered and decided by LANSING, Presiding Judge, PETERSON, Judge, and AMUNDSON, Judge.

## OPINION

LANSING, Judge

Kenneth Herbert was convicted of a burglary involving the theft of guns. On appeal from the sentence, the state argues Herbert possessed the firearms at the time of the offense and the district court therefore erred in declining to impose the three-year minimum sentence mandated by Minn.Stat. § 609.11, subd. 5(a) (1998). We conclude the statute applies to a burglar who comes into possession of firearms once inside the building, and we reverse and remand for resentencing.

## FACTS

Kenneth Herbert pleaded guilty to second-degree burglary in violation of Minn. Stat. § 609.582, subd. 2(a) (1998). At the plea hearing, Herbert admitted breaking into a residence he knew to be unoccupied and stealing several guns. Herbert testified that when he broke in, he intended to steal the guns and either trade them for drugs or sell them for money to purchase drugs.

At the sentencing hearing, the state argued that Minn.Stat. § 609.11, subd. 5(a) (1998), required the court to impose the mandatory three-year minimum sentence because Herbert possessed the stolen guns "at the time of" the burglary. The district court concluded the statute did not apply and imposed a stayed sentence of 23 months. This appeal followed.

## ISSUE

Does the three-year minimum mandatory sentence in Minn.Stat. § 609.11, subd. 5(a) (1998), apply to a burglar who comes into possession of firearms after breaking into a residence with intent to steal?

## ANALYSIS

On appeal from sentencing, this court determines "whether the sentence is inconsistent with statutory requirements." Minn. R.Crim. P. 28.05, subd. 2. Minnesota law imposes a three-year minimum mandatory sentence on defendants who possess or use firearms at the time of certain offenses. It provides that

> any defendant convicted of an offense listed in subdivision 9 in which the defendant or an accomplice, *at the time of the offense,* had in possession or used, whether by brandishing, displaying, threatening with, or otherwise employing, a firearm, shall be committed to the commissioner of corrections for not less than three years.

Minn.Stat. § 609.11, subd. 5(a) (1998) (emphasis added). Herbert does not dispute that second-degree burglary, the offense to

which he pleaded, is one of the offenses enumerated in subdivision 9, or that he possessed the stolen firearms. *See* Minn. Stat. § 609.11, subd. 9 (1998) (listing burglary as an offense subject to mandatory minimum sentence). He argues instead that the statute does not apply because he did not have the guns at the time he broke into the residence and thus did not possess the guns "at the time of the offense."

■ The mandatory minimum sentencing statute does not define "at the time of the offense," and on its face the phrase is unambiguous. But when the phrase is applied to Herbert's second-degree burglary offense, a latent ambiguity becomes apparent. The burglary statute provides:

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, * * * commits burglary in the second degree * * *:
>
> (a) the building is a dwelling.

Minn.Stat. § 609.582, subd. 2(a) (1998). Because Herbert completed the offense when he unlawfully entered the residence with intent to steal and did not possess a firearm at that time, an elements-based interpretation of the phrase would compel a conclusion that he did not possess a firearm "at the time of the offense." But even though the burglary was complete when Herbert entered the residence, his illegal course of conduct continued over the time he remained in the residence, while he took possession of the guns and carried them out. Thus, under a general temporal interpretation of the phrase, Herbert was in possession of a firearm "at the time of the offense." Because the statute is susceptible to more than one reasonable interpretation, we resolve the ambiguity by attempting to ascertain and effectuate the legislature's intent. *See* Minn.Stat. § 645.16 (1998).

Minnesota law has, since 1969, provided mandatory minimum penalties for defendants who commit certain types of crimes while possessing a firearm. *See* Minn.

Stat. § 609.11 (1969). The supreme court has observed that sentence enhancement statutes reflect the obvious reality that possession of a firearm while committing a predicate felony offense substantially increases the risk of violence, whether or not the offender actually uses the firearm. *State v. Royster*, 590 N.W.2d 82, 85 (Minn. 1999). The apparent purpose for mandating a minimum sentence for offenses committed when possessing a firearm is thus to deter acts that increase the risk of violence by ensuring strict and certain penalties.

This legislative purpose is best effectuated by interpreting the phrase "at the time of the offense" according to its general temporal understanding. The danger the statute seeks to address arises not only when guns are carried onto the premises by a burglar, but also when they are obtained during the course of a burglary. Restricting the phrase "at the time of the offense" to a completed-elements meaning would limit application of the statute in a manner adverse to its apparent purpose. We therefore conclude that the general temporal understanding of the phrase "at the time of the offense" is more faithful to the legislature's intent.

■ Herbert argues that the legislature could not have intended the mandatory minimum sentence statute to apply in this case because it leads to the absurd result that those who steal guns are punished more harshly than those who steal other items, even though the crimes are committed in the same, unarmed manner. We recognize that in construing a statute, the court may not impute capricious distinctions to the legislature and must avoid unjust and indefensible results. *Pomeroy v. National City Co.*, 209 Minn. 155, 158, 296 N.W. 513, 515 (1941). Admittedly, Herbert's sentence will be determined by the items he chose to steal. This result, however, is not unjust or indefensible. On the contrary, the disparate punishment Herbert challenges is aligned with the

broad legislative purpose for the mandatory minimum.

Herbert also asserts that the statute does not apply because he never intended to use the guns and they were not in a condition to be used. He urges us to adopt the *Royster* balancing test to determine whether the circumstances of his case warrant application of the mandatory minimum. *See Royster*, 590 N.W.2d at 85 (test for determining when constructive possession triggers mandatory minimum sentence is whether presence of firearms increased the risk of violence and to what degree). But intent to use or ability to use are not required for the mandatory minimum to apply. *See State v. Johnson*, 551 N.W.2d 244, 247 (Minn.App.1996) ("The only requirement for 'use' is that a defendant have had a firearm at least 'in his possession' at the time he committed the predicate offense."), *review denied* (Minn. Sept. 20, 1996). The Minnesota Supreme Court fashioned the *Royster* test to determine when the mandatory minimum should apply in cases of constructive possession. *Royster*, 590 N.W.2d at 85. Herbert does not dispute that he was in actual possession of the firearms; thus, we decline to adopt the *Royster* analysis.

A second canon of statutory construction, in pari materia, also compels application of the mandatory minimum sentence. Statutes in pari materia are those relating to the same person or thing or having a common purpose. *State v. McKown*, 475 N.W.2d 63, 65 (Minn.1991). Courts should construe statutes in pari materia in light of each other. *Id.* The provision of the burglary statute defining first-degree burglary, Minn.Stat. § 609.582, subd. 1(b) (1998), and the mandatory minimum sentence statute are in pari materia and should be construed in light of each other. Under Minn.Stat. § 609.582, subd. 1(b), a burglar who "possesses, when entering *or at any time while in the building* [a firearm]" is guilty of first-degree burglary. Minn.Stat. § 609.582, subd. 1(b) (emphasis added). If this court is to construe these statutes in pari materia, that is, as "one systematic body [of] law," *State v. Bolsinger*, 221 Minn. 154, 156, 21 N.W.2d 480, 486 (1946), it must assign the phrase "at the time of the offense" its general temporal meaning and hold that Minn.Stat. § 609.11, subd. 5(a), applies to a burglar who enters a building unarmed and with intent to steal and comes into possession of firearms once inside the building.

Finally, our interpretation of Minn.Stat. § 609.11, subd. 5(a), is consistent with the interpretation of similar laws in a majority of other jurisdictions. *See Pardue v. State*, 571 So.2d 333, 334 (Ala.1990) (defendant who stole firearm during burglary was "armed" within meaning of first-degree burglary statute even though he did not use or possess firearm before entering the dwelling); *People v. Loomis*, 857 P.2d 478, 481–82 (Colo.App.1992) (same); *Williams v. State*, 517 So.2d 681, 682 (Fla. 1988); *Jackson v. State.*, 670 S.W.2d 828, 830 (Ky.1984) (same); *State v. Luna*, 99 N.M. 76, 653 P.2d 1222, 1224 (Ct.App.1982) (same); *but see State v. Eastlack*, 180 Ariz. 243, 883 P.2d 999, 1013 (1994) (mere theft of weapon during burglary does not, by itself, render burglar "armed" within meaning of first-degree burglary statute).

Because we hold that Herbert's conduct triggers the application of the mandatory minimum sentence provisions of Minn.Stat. § 609.11, subd. 5(a), the trial court's sentence is inconsistent with statutory requirements.

## DECISION

Herbert possessed the stolen firearms at the time of the offense and is subject to the three-year minimum sentence mandated by Minn.Stat. § 609.11, subd. 5(a). We reverse and remand for resentencing.

**Reversed and remanded.**