Martin SALCIDO–PEREZ, Appellant,

v.

STATE of Minnesota, Respondent.

No. C6–99–1750.

Court of Appeals of Minnesota.

July 18, 2000.

Review Denied Sept. 13, 2000.

Daniel S. Adkins, Richard A. Sand, Sand & Associates, St. Paul, for appellant.

Mike Hatch, Attorney General, St. Paul; and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant Ramsey County Attorney, St. Paul, for respondent.

Considered and decided by DAVIES, Presiding Judge, HALBROOKS, Judge, and HUSPENI, Judge.*

## OPINION

DAVIES, Judge.

Police executed a search warrant of residential premises and discovered more than eight pounds of marijuana in a detached garage and a loaded pistol in the house. On these stipulated facts, the district court found appellant guilty of fifth-degree possession of a controlled substance (possession with intent to sell) and sentenced him under the firearm-enhancement statute. Appellant challenges his sentence, claiming the firearm-enhancement statute does not apply. We affirm.

## FACTS

In February 1999, a search warrant was issued for the following premises: "132 E. Jenks Av, St Paul, Minnesota and all appurtenances and curtilage * * * ." The warrant also covered the person of appellant. When officers later observed appellant leaving 132 East Jenks Avenue, they stopped his vehicle and transported him back to the house and executed the search warrant.

In executing the warrant, the officers searched the house and discovered a loaded Colt .357 pistol in a kitchen closet. The officers also searched a detached garage. Inside the garage, the officers discovered approximately eight-and-a-half pounds of marijuana packaged in nine plastic bags. The officers also found two unloaded shotguns lying across the garage rafters. The

officers found no shotgun ammunition. The officers searched a Cadillac parked in the garage, finding gun stocks and gun parts in the trunk and about a quarter pound of marijuana in a plastic bag behind the license plate. They also searched a Ford Bronco parked in the yard, finding two unloaded assault rifles in a gun case in the back seat and a scale under the hood.

After appellant was advised of his Miranda rights, he explained that he had lived at that address for approximately one year. He admitted he owned the marijuana. He stated that he did not own any of the firearms, but he did admit that he had placed them where they were found and that he was keeping them for a friend.

On these stipulated facts, under a Lothenbach stipulation, the district court found appellant guilty of fifth-degree possession of a controlled substance (possession with intent to sell) and imposed the three-year mandatory minimum sentence required by the firearm-enhancement statute, Minn. Stat. § 609.11, subd. 5.

## ISSUE

Did the district court err in sentencing appellant under the firearm-enhancement statute?

## ANALYSIS

■ The district court found that the presence of the loaded pistol in the house increased the risk of violence and sentenced appellant under the firearm-enhancement statute, Minn.Stat. § 609.11, subd. 5. On appeal of a sentence, the court may review the sentence imposed to determine whether the sentence is inconsistent with statutory requirements. Minn. R.Crim. P. 28.05, subd. 2.

■ Minnesota law imposes a three-year mandatory minimum sentence on offenders who "had in possession or used" a

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

firearm at the time of specified offenses; those offenses include appellant's offense. For purposes of this statute, the term "had in possession" includes both actual possession and constructive possession. *State v. Royster*, 590 N.W.2d 82, 83–84 (Minn. 1999). An individual has constructive possession of a firearm if he consciously exercises dominion and control over it. *State v. Willis*, 320 N.W.2d 726, 728–29 (Minn. 1982).

■■■ If the sentence was enhanced based on constructive possession, the next inquiry on appeal is whether the constructive possession "increased the risk of violence." *Royster*, 590 N.W.2d at 85. This inquiry includes

> examin[ing] all aspects of the firearm in possession to determine whether it was reasonable to assume that its presence increased the risk of violence and to what degree the risk is increased: the nature, type and condition of the firearm, its ownership, whether it was loaded, its ease of accessibility, its proximity to the drugs, why the firearm was present and whether the nature of the predicate offense is frequently or typically accompanied by use of a firearm, to name a few of the considerations.

*Id.* The district court determines whether the firearm-enhancement requirements have been met by a preponderance of the evidence. *State v. Hannam*, 601 N.W.2d 454, 456 (Minn.App.1999), *review denied* (Minn. Dec. 21, 1999).

■■ Here, the district court found that the firearm-enhancement statute applied. Based on the presence of the loaded pistol in the house, we agree. There is sufficient evidence to support the finding that appellant had constructive possession of the loaded pistol and that the pistol increased the risk of violence in connection with the drug offense.

Appellant admitted that he had lived in the residence for more than a year. The loaded pistol was discovered in a closet near the kitchen. Although appellant claimed he did not own any of the firearms, he did admit that he placed them where they were discovered. The state produced evidence that appellant had possessed the firearms for the entire week that he possessed the marijuana. Those facts demonstrate that appellant exercised dominion and control over the firearms at the time he possessed the marijuana. Appellant, thus, had constructive possession of the firearms at the time of his criminal offense.

The loaded pistol also increased the risk of violence related to the drug offense. The pistol was inherently dangerous, easily accessible to appellant, and, according to the state's evidence, a type of weapon commonly used by drug dealers in the course of their business. Moreover, it was likely that the pistol was purposely kept to increase the risk of violence; it is difficult to imagine any purpose, other than violence, for an individual with nearly nine pounds of marijuana—packaged for sale—to keep a loaded pistol in his kitchen. Finally, the record supports that prior drug sales occurred out of the house.

Appellant urges this court to "establish a brighter-line rule for future tribunals" by holding that here the spatial proximity between the firearms, drugs, and defendant was insufficient to permit application of Minn.Stat. § 609.11, subd. 5. The supreme court has, however, adopted a totality-of-circumstances test instead of a proximity test. *Royster*, 590 N.W.2d at 85. Under *Royster*, proximity of the firearm to the drugs is only one of several nonexclusive factors. *Id.* Consequently, proximity is not essential to trigger the statute.

Appellant argues that there was no actual threat of violence in this case because he was apprehended away from his residence and was under police control when the firearms were discovered. But the statute does not require possession of a firearm at the time of arrest; it merely requires possession of a firearm "at the time of the offense." Minn.Stat. § 609.11, subd. 5. Appellant had constructive possession of

the loaded pistol when he possessed the marijuana. The risk of violence thus produced was enough to trigger the statute, regardless of where appellant was actually arrested.

As the state suggests, a loaded, easily accessible firearm presents a significant threat of violence to police officers and others. The loaded pistol in this case operated as an "insurance policy * * * to be used to further the crime if need be." *Royster,* 590 N.W.2d at 85 (quoting Hearing on H.F. 2114, Judiciary Conference Comm., Minn. Leg., March 18, 1994 (statement of Richard Hodsdon, Assistant Washington County Attorney)).

The totality of the circumstances supports the district court decision to apply the statute. The evidence was sufficient to impose the mandatory minimum sentence.[1]

## DECISION

Appellant constructively possessed a firearm in a manner that significantly increased the risk of violence associated with his controlled-substance crime. Consequently, the district court did not err in imposing the mandatory minimum sentence under Minn.Stat. § 609.11, subd. 5.

**Affirmed.**

---

1. Appellant also appealed from denial of a pretrial motion to suppress evidence of the weapons found in the two motor vehicles (one parked in the garage and the other parked in the yard). Because we hold that the presence of the loaded pistol in the kitchen is by itself sufficient to meet the firearm-enhancement statutory requirements, we do not address this issue.